JOHN V. FARWELL *et al.*

*v.*

ROBERT HUSTON, for use, etc.

*Filed at Ottawa, June 19, 1894.*

1. PARTNERSHIP—*right to have partnership assets applied on firm debts.* The right in equity, of firm creditors to seek payment of the partnership effects to the exclusion of the separate creditors of insolvent partners, results solely from the equity of the partners to have the joint estate thus applied. The rule is for the benefit and protection of the partners themselves. The equity of the creditors is of a dependent and subordinate character.

2. JUDGMENT BY CONFESSION—*who may object.* A warrant of attorney to confess judgment, executed by A. and B. individually, if not sufficient to justify the confession of judgment against the firm of A. & Co., composed of A. and B., only the defendants in the judgment, and not the creditors of the firm, can object thereto.

3. A third person has no right to object to a judgment by confession, on the ground that it was confessed without any authority from the judgment debtor to do so; but the right to interpose any such objection belongs alone to such debtor.

4. SAME—*how relief may be obtained.* The courts of law exercise an equitable jurisdiction over judgments by confession. If there is an absence of authority to confess, the debtor may move to set the judgment aside in the court of law in which it is entered, and such court may open the judgment and permit the debtor to make his defense, leaving the judgment to stand as a security until a trial is had. But relief will not be granted, if it appears that the debtor owes the amount of the judgment, and has no defense, either legal or equitable, to the debt.

5. SAME—*in open court and in vacation.* There is a broad distinction between cases wherein the judgment is confessed in open court, and where it is confessed in vacation. In the latter case, the authority of

151 239
59a 405
61a 219
61a 325

151 239
164 87

151 239
69a 132

151 239
74a 349
74a 442

151 239
78a 173

151 239
84a 618
84a 619

151 239
85a 234

151 239
89a 444

151 239
f99a 427

151 239
101a 627

151 239
200 65
200 83

the attorney must affirmatively appear, while in the former case, the presumption will be in favor of the validity of the judgment.

6. SAME—*before the debt is due.* A warrant of attorney to confess a judgment recited that "in consideration * * * we do hereby make * * * and appoint P., etc., to be our true and lawful attorney * * * for us and in our name * * * to appear before any court of record * * * at any time after the date hereof, and to waive service of process, and confess a judgment against us, or either of us, and in favor of the holder of this note," etc.: *Held,* that the warrant authorized the confession of judgment before the maturity of the note.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will County; the Hon. CHARLES BLANCHARD, Judge, presiding.

On October 9, 1890, in the Circuit Court of Will county, five judgments were rendered, by confession, against George B. Cook and John A. McDonald, partners, as George B. Cook & Co., as follows: one in favor of Carson, Pirie, Scott & Co., for $1,752.01; one in favor of the Will County National Bank for $429.25; one in favor of George Cook for $419.25; and two in favor of John V. Farwell & Co., the first for $2,658.40, and the second for $250.64. Executions on these several judgments were received by the sheriff in the order, as to time, in which the judgments have been named above. George B. Cook and John A. McDonald, as partners, were engaged in the dry goods business, at Joliet, under the firm name and style of George B. Cook & Company, at the time the five judgment notes, upon which the said judgments were confessed, were executed, and were continuing in business as such co-partnership, when the judgments on the several notes were confessed. The judgments were confessed in open court, by attorneys at law, by virtue of warrants of attorney to confess judgments contained in the five several notes respectively. The sheriff levied the execution in favor of Carson, Pirie, Scott & Co., upon a stock of merchandise, the co-partnership property of George B. Cook & Co.,

FARWELL *et al. v.* HUSTON. 241

Statement of the Case. Brief for the Appellants.

which he afterwards, on the 5th day of November, sold for
$4,275, which amount he still holds, awaiting the final dis-
position of this cause.

Afterwards, on the 6th day of November, the sheriff,
Robert Huston, and the execution creditors above men-
tioned, appearing in court by their respective attorneys,
John V. Farwell & Co., appellants herein, moved the court
for a rule absolute on said Robert Huston, sheriff of Will
county, to pay over to them, John V. Farwell & Co., the
proceeds of the sale by him, on execution, of the property
of George B. Cook & Co., to the full satisfaction of their
execution issued in the case wherein the judgment for
$2,658.40 was rendered, prior to the payment of the
executions issued against the aforesaid defendants in favor
of Carson, Pirie, Scott & Co., the Will County National
Bank, and George Cook.

The court, having heard the proofs offered and the
arguments of counsel for the several parties, respectively,
overruled the said motion for a rule absolute. From that
order, overruling their motion, appellants appealed to the
Appellate Court, and from the judgment of affirmance in
the Appellate Court the cause is brought here by this
further appeal.

Messrs. SNAPP & BRECKENRIDGE, for the appellants:

This note, signed by the individual members of a firm,
without the use of the firm name, is the individual obliga-
tion of its makers, and the law presumes it to be an indi-
vidual and not a co-partnership indebtedness. Bates Law
of Partnership, sec. 452 and sec. 439; 1 Randolph on
Commercial Law, secs. 130 and 177; *National Bank* v.
*Bank of Commerce,* 94 Ill. 276; *Howell* v. *Moores,* 127 id.
67; *Lill* v. *Egan,* 89 id. 609.

In this case, the record shows a warrant of attorney author-
izing the appearance of Cook & McDonald as individuals.

16—151 ILL.

The attorney had no authority to enter their appearance, and the court acquired no jurisdiction over them, and hence the judgment is void. *Banner* v. *The People*, 1 Bradw. 496; *Clark* v. *Thompson*, 47 Ill. 25; *Osgood* v. *Blackmore*, 59 id. 261.

It has been held by this court, that where a judgment was entered against the signers of a note in their individual capacity, where they signed in a corporate capacity only, it should be set aside, and that the capacity in which they signed must be gathered from the instrument itself. *Little* v. *Bailey*, 87 Ill. 240.

Only the makers of a note can be charged on it. *Village of Cahokia* v. *Rautenberg*, 88 Ill. 220.

In the present case, the signers of the note in question signed in their individual capacity only, while the judgment was entered against them in their co-partnership capacity. From the note itself it appears, that George B. Cook and John A. McDonald were the makers. Why should a judgment be entered against George B. Cook & Co.? The authority to confess a judgment must be clear and explicit, and must be strictly pursued. *Campbell* v. *Goddard*, 117 Ill. 253; *Frye* v. *Jones*, 78 id. 632; *Keith* v. *Kellogg*, 97 id. 147; *Chase* v. *Dana*, 44 id. 263.

One partner has no authority to bind his firm by a warrant of attorney to confess a judgment. 1 Black on Judgments, sec. 57; 1 Bates on Partnership, secs. 370–380; Freeman on Judgments, sec. 5345, note 5; *Cram* v. *French*, 1 Wend. 311; *Sloo* v. *State Bank*, 1 Scam. 428.

Under a warrant of attorney, authorizing the confession of a judgment for the amount appearing to be due, the attorney will have no power to confess only for the amount actually due, and the debt must be due. *Banner* v. *People*, 1 Bradw. 496; *Sloan* v. *Anderson*, 57 Wis. 132; *Dilly* v. *Van Wil*, 6 id. 209; *McCabe* v. *Sumner*, 40 id. 386.

The partnership effects must first be taken to satisfy firm debts, and individual property to satisfy individual

debts.　Herman's Law of Executions, 540, secs. 356 and 359; *U. S.* v. *Hack*, 8 Pet. 271

Mr. C. W. BROWN, for the appellees, Carson, Pirie, Scott & Co.

Mr. EGBERT PHELPS and Mr. E. MEERS, for the other appellees.

Mr. JUSTICE BAKER delivered the opinion of the Court:

Appellants contend, that their judgment for $2,658.40 against George B. Cook & Company, and that judgment alone, of the five rendered against the said firm, is a valid judgment against the co-partnership composed of George B. Cook and John A. McDonald, for the alleged reason, that the warrant of attorney, contained in the note upon which that judgment was confessed, authorized the confession of a judgment against George B. Cook & Company, while, in so far as the records show, no such authority was conferred by the warrants of attorney contained in the several notes upon which the other four judgments were confessed.

We will consider those judgments in the order in which they were respectively rendered.　First, as to the judgment in favor of Carson, Pirie, Scott & Company, appellants' contention is that that judgment is a valid judgment only as against George B. Cook and John A. McDonald, individually, and not against the co-partnership of George B. Cook & Company, because, as they claim, the note and warrant of attorney upon which the Carson, Pirie, Scott & Company judgment was confessed, was signed by George B. Cook and John A. McDonald as individuals, and not by the firm name, that the record discloses no proof that the note was intended to bind the co-partnership, or that it was given for a firm indebtedness, and that, consequently, the court had no jurisdiction to enter judgment against George B. Cook & Company, and that, this being the case,

Carson, Pirie, Scott & Co. have no lien upon the co-partnership property levied upon under their execution. We do not concur in appellants' views in this behalf. The Carson, Pirie, Scott & Co. note and warrant of attorney was signed "Geo. B. Cook, Jno. A. McDonald," while appellants' note and warrant of attorney was signed "Geo. B. Cook & Co., Geo. B. Cook, John A. McDonald." In so far as the records show, appellants are in no better position than Carson, Pirie, Scott & Co ; for, if the record in the Carson, Pirie, Scott & Co. case does not disclose who were the partners composing the firm of George B. Cook & Company; or that the note and warrant of attorney upon which judgment was confessed in their favor against said George B. Cook & Co., were intended to bind the co-partnership; or that they were given for a firm indebtedness, neither does the record in appellants' case disclose these facts in respect to their judgment. The mere fact, that the one paper contained only the signatures of George B. Cook and John A. McDonald, while the other paper contained the additional signature of "Geo. B. Cook & Co." does not give to appellants the right to have the payment of their judgment against George B. Cook & Co., out of the co-partnership property, advanced as against the Carson, Pirie, Scott & Co. judgment, when the evidence shows that the Carson, Pirie, Scott & Co. judgment was rendered for a firm indebtedness. *Ladd* v. *Griswold et al.*, 4 Gilm. 25; *Hanford* v. *Prouty*, 133 Ill. 339; *Hapgood et al.* v. *Cornwell et al.*, 48 id. 64. In the opinion of the court in the case last cited, it is said, that the right of the members of a co-partnership to have partnership property first applied to the payment of firm debts "is the equitable lien of the partners that is worked out for the benefit of the creditors, and not a lien inhering in the creditors themselves. * * * * The partners are the owners of the goods, free from any lien on the part of their creditors, and if they choose to let one member use them in payment

of his individual debt, they have a legal right to do so, and the individual creditor has a legal right to receive payment in that mode."

If the Carson, Pirie, Scott & Co. judgment was rendered against the firm of George B. Cook & Co., when it should have been rendered against George B. Cook and John A. McDonald, as individuals, as is contended by appellants, it is the province of the defendants named in such judgment, and not of appellants, to object thereto. *Ladd* v. *Griswold et al.*, *supra; Hapgood et al.* v. *Cornwell et al.*, *supra; Hanford* v. *Prouty*, *supra; Hier* v. *Kaufman*, 134 Ill. 215. In *Ladd* v. *Griswold et al.*, *supra*, it is said: "The right in equity of the joint creditors to seek payment out of the partnership effects, to the exclusion of the separate creditors of deceased or insolvent partners, results solely from the right of the partners, or their representatives, to have the joint estate thus applied. The rule is for the benefit and protection of the partners themselves. The equity of the creditor is of a dependent and subordinate character, and is to be worked out and enforced through the medium of the equities of the partner." But few of the authorities cited by appellants in support of their contention in this branch of the case have any direct application to the case at bar.

And second, in respect to the judgments rendered against George B. Cook & Co., in favor of appellees, the Will County National Bank and George Cook, appellants seek to have the payment of their aforesaid judgment against George B. Cook & Co., out of the co-partnership property, advanced as against those judgments, for the further reason, as they contend, that in neither of those cases does the record disclose any authority on the part of George B. Cook to sign the firm name to the notes and warrants in question. The notes and warrants of attorney, upon which those judgments were confessed, were signed "Geo. B. Cook & Co." In the National Bank case, it appears from

the affidavit of George A. Vance, filed with the declaration, that the signature of Geo. B. Cook & Co. to their note and warrant of attorney, was executed by George B. Cook, a member of said firm, in the presence of the affiant, and for the purposes of said firm, and that the signature to the said note and warrant was the genuine signature of Geo. B. Cook & Co. In the case of George Cook (who is not to be confounded with George *B.* Cook, one of the defendants, against whom the five judgments here in controversy were rendered), the affidavit of George S. Hinckel, in respect to the signing of the note and warrant given to George Cook, is to the same effect.

This court has held, in a number of cases, that a court of law exercises an equitable jurisdiction over a judgment by confession; that if there is an absence of authority to confess, the debtor will not be forced into a court of chancery to obtain relief, but may move to set aside the judgment before the court of law which rendered it; and that such court of law may open the judgment and permit the debtor to present his defense to the claim, if he have any, but will, however, protect the creditor by permitting the judgment to stand as security. Yet, such relief will not be granted, if it appears that the debtor owes the amount of the judgment, and has no defense, either legal or equitable, to the debt for which the judgment is rendered. *Colson* v. *Leitch,* 110 Ill. 504; *Hier* v. *Kaufman, supra.* The same doctrine is stated in Freeman on Judgments, section 498. See, also, *Martin* v. *Judd,* 60 Ill. 78, where it was held, that a third party has no right to object to a judgment, on the ground that it was confessed without any authority from the judgment debtor to do so, but that the right to interpose any such objection belongs alone to the judgment debtor. It was also held, in said case, that there is a broad distinction between cases wherein the proceedings are had in open court, and cases where the judgment is confessed in vacation; that, in the latter case, the authority of the attorney

must affirmatively appear, while in the former case, the presumption will be in favor of the validity of the judgment.

The case of *Sloo* v. *State Bank, etc.*, 1 Scam. 428, cited both by appellants and appellees herein, differs from the case at bar in this very material point, that in that case, the objection to the judgment against the firm of Sloo & Co., and the motion to set such judgment aside, were made by Sloo, one of the members of the firm against whom the judgment had been rendered, and not by one of the creditors of the firm, as is the case here. In most of the other cases cited by appellants in support of the position assumed by them in respect to the judgments of the Will County National Bank and George Cook, respectively, the judgments were confessed in vacation, and not in open court in term time, as were all five of the judgments in question in the case at bar, and the decisions in those cases turned largely upon that point. If the judgment records in the National Bank and George Cook cases fail to disclose any authority, on the part of George B. Cook, to sign the firm name to the notes and warrants upon which those judgments were confessed, the judgment debtors, if they have a good defense, may avoid those judgments by proper proceedings in the court in which they were rendered; but a third party, even though he be a creditor, can not object to them, for his equities, if he have any, are dependent solely upon and are worked out only through those of the judgment debtors. *Martin* v. *Judd, supra; Hier* v. *Kaufman, supra;* Freeman on Judgments, section 498.

And appellants' third contention, that the judgment note given to the Will County National Bank was not due at the time the judgment was confessed, and that the warrant of attorney contained therein did not authorize the confession of a judgment before the note became due, is likewise without merit. The portion of the warrant complained of is in these words: "And in consideration thereof,

we do hereby make, constitute and appoint Egbert Phelps, or any other attorney at law of any court of record, to be our true and lawful attorney, irrevocably for us and in our name, place and stead, to appear before any court of record in any of the States or Territories in the United States, in term time or vacation, at any time after the date hereof, and to waive service of process, and confess a judgment against us, or either of us, and in favor of the holder of this note for the above sum, or for as much as appears to be due according to the tenor and effect hereof.'' We fail to see why the warrant in the said note did not authorize the confession of a judgment thereon ''at any time after the date'' thereof.

In our opinion, neither of the judgments objected to by appellants is void; and we are also of opinion that appellants are not in a position to claim, of their own motion, the benefit of any equities in respect to the said judgments, or any of them, which may belong to George B. Cook, or to John A. McDonald, or to the co-partnership of George B. Cook & Company.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*