## Union National Bank v. Henry Dreyfus & Co. et al.

1. PARTNERSHIPS—*What are Firm Obligations.*—It is immaterial how notes are signed if they were given for obligations of the firm; they represent firm obligations, and should be allowed against the firm assets under an assignment for the benefit of creditors. The fact that persons not members of the firm also sign such notes, only makes them obligations of others as well as of the firm.

**Assignment for the Benefit of Creditors.**—Appeal from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed December 12, 1895.

### STATEMENT OF THE CASE.

This is an appeal from an order of the County Court disallowing a claim filed by appellant against the estate of Morse, Mitchell & Williams, who had made an assignment for the benefit of their creditors.

The firm of Morse, Mitchell & Williams, composed of three men bearing those names, were engaged in business as dealers in clocks, jewelry, etc. In 1890, it began speculating in real estate. In one of these transactions the firm purchased from Anna B. Austin a tract of land for $120,000.

Of this amount $35,000 was paid in cash and the balance, $85,000, by notes dated June 10, 1890, and running over a series of years, secured by trust deed on the property. For convenience, the title was taken in the name of Mr. Morse individually, and he executed the trust deed securing the notes. Two other men, Burchard and Cragin, who were not partners in the firm, were interested with it in this particular purchase. The purchase money notes were signed by all who were interested in the purchase, Morse, Mitchell and Williams each signing his individual name. Cragin sold his interest in the venture to a man by the name of Marshall, who in turn sold it to Morse, Mitchell & Williams. All of the money which was paid for the property, and all that was expended in improvements, was paid by the firm from its partnership funds, Burchard and Cragin refunding their proportions. The land and its proceeds were carried on the firm books as partnership assets, and the purchase money notes as partnership debts.

Two of these notes, one for $20,000 and one for $10,000, were discounted with the Union National Bank. On July 31, 1893, the firm of Morse, Mitchell & Williams made an assignment to Elbert H. Gary, for the benefit of their creditors. Williams, one of the members of the firm, had died in the meantime. The bank filed a claim with the assignee, based on the two notes which it held. To this claim appellees filed objections.

Upon a trial of these objections, appropriate propositions of law, presenting appellant's theory of the case, were submitted. The court, however, refused to hold any of the propositions of law, and disallowed the claim as against the firm assets, holding that the claim was an individual and not a firm debt.

TENNEY, McCONNELL & COFFEEN, attorneys for appellant.

MOSES, PAM & KENNEDY, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

In what manner the notes evidencing the indebtedness of the firm of Morse, Mitchell & Williams were signed is

immaterial if the notes were actually given for an obligation of the firm. Farwell v. Huston, 151 Ill. 239.

That they represent partnership obligations, is undisputed. The fact, therefore, that persons not members of the firm also signed the notes, only makes them obligations of others as well as of the firm.

We are not aware of any authority for the position of appellees, that when the individual names of a firm are signed to a note given for a firm debt, the holder can not, in insolvency proceedings, prove the same against the firm assets. On the contrary, where a note for a firm indebtedness is given in the name of only one of its members to a person who is ignorant of the existence of the firm, and consequently that the obligation is that of a firm, he may prove against the assets of the firm. Parsons on Partnership, 498, side paging.

It is quite true, as appellees contend, that the legal effect of a contract is imported into the same as effectually as if written therein, and if, upon the face of these notes, it was declared that they were not an obligation of the firm, but only of the persons whose names are signed thereto, a question variant from that under 'consideration would be presented. The notes do not appear on their face not to be an obligation of the firm, while the evidence is undisputed that they are. Treating them as a firm obligation, is consistent with their face, and not repugnant to any implication of law derivable therefrom.

The judgment of the County Court is reversed and the cause remanded, with directions to allow the claim of appellant against the insolvent estate of Morse, Mitchell & Williams.