## H. Tompkins v. M. Lang et al.

1. INJUNCTIONS—*Restraining the Collection of Judgments.*—When a party invokes the aid of a court of equity to enjoin the collection of a judgment at law, the validity of such judgment can not be inquired into, unless it appears that no debt is owing for which the judgment could have been equitably rendered, or that such party is not equitably bound to pay any part of it, or that he has tendered, at least in his bill, such part of the debt as he is, in equity, bound to pay.

2. SAME—*Questions to be Considered.*—The question upon a bill in equity to enjoin the collection of a judgment is not, is the judgment legally valid, but, is the debt equitably just and ought it in good conscience to be paid.

3. JUDGMENTS—*Presumptions in Favor of.*—The presumption is in favor of the justness of a judgment, in a proceeding to enjoin its collection, and the burden is upon the person seeking to enjoin to show himself equitably not bound to pay it.

Bill for an Injunction.—Appeal from the Circuit Court of Wayne County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the August term, 1897. Affirmed. Opinion filed March 1, 1898.

J. R. HOLT, attorney for appellant.

CREIGHTON, KRAMER & KRAMER and A. M. ELLIOTT, attorneys for appellees.

Tompkins v. Lang.

MR. PRESIDING JUSTICE CREIGHTON DELIVERED THE OPINION OF THE COURT.

This was a bill in chancery filed by appellant in the Wayne Circuit Court, and in substance as follows : Appellee M. Lang, on the 17th day of April, 1891, commenced suit against appellant before one Claud O. Ellis, a justice of the peace; on the 22d day of April, 1891, judgment was rendered by said justice on default against appellant for $157.75; execution was first issued on the 24th day of December, 1895, by one A. M. Elliott, a justice of the peace; a transcript, certified by said Elliott, as such justice, was filed in the office of the clerk of the Circuit Court on the 29th day of February, 1896; on the 9th day of March, 1896, the clerk issued execution and delivered the same to appellee N. Dickey, the sheriff of said county; that said sheriff thereupon levied on lands of appellant and advertised same for sale, and unless enjoined would, in pursuance of his levy, sell the lands.

Lang and the sheriff are made defendants to the bill. The prayer is for injunction restraining the sheriff " from further proceedings by virtue of the execution " and for general relief. A temporary writ of injunction was granted May 29, 1896. At the next term of the court defendants filed their general demurrer to the bill, which the court sustained, and dissolved the injunction; and upon suggestions filed by defendants assessed damages at $15, and dismissed appellant's bill.

Appellant appeals and assigns a number of errors, but the substance of them all is : The court erred in sustaining defendants' demurrer, dissolving the injunction, assessing damages and dismissing his bill. It is suggested in support that the judgment is void because Justice Ellis had no jurisdiction over appellant to render judgment against him by default at the time judgment was rendered; and that the transcript, execution and levy are void, because the record does not show that Justice Elliott was successor to Justice Ellis, and because no execution had issued on the judgment within a year after its rendition by the justice.

The transcript and execution are mere means provided by law for collecting a justice judgment. Appellant was himself defendant in the execution he sought to enjoin. The allegations and prayer of his bill present a case invoking the court to enjoin a judgment at law, nothing more or less. In such case the validity of the judgment or processes can not be inquired into by a court of equity, unless it appears that no debt is owing for which judgment could equitably be rendered, or that complainant is not equitably bound to pay any part of the debt, or that the amount which he is equitably bound to pay is tendered, at least, "in the bill."

This bill neither denies that appellant was indebted to appellee Lang at the time judgment was rendered, to the full amount of the judgment, nor offers to pay the debt; nor does it set up any equitable excuse for not having paid or offered to pay the debt.

The statute is imperative and provides, " Only so much of any judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay." The question in equity between parties to a judgment when it is sought to enjoin collection, is not, is the judgment legally valid, but, is the debt equitably just, and ought it in good conscience to be paid. The presumption is in favor of the justness of the judgment, and the burden is on complainant to show himself " equitably not bound to pay."

It was not error to sustain the demurrer and dissolve the injunction.

The statute provides, upon dissolution of injunction in such case, that the complainant shall pay such damages as the court shall award, not exceeding ten per centum on the sum released from the injunction. It was the duty of the court, after dissolution of the injunction, upon suggestion of defendants, to award damages, and the amount awarded is not excessive and is within the statutory limit. We see no reason why this case should not be affirmed.

Affirmed.