# Axel G. Berg, Impleaded, etc., v. The Commercial National Bank.

1. PARTNERS—*Power to Execute Judgment Notes.*—A member of a copartnership has no implied authority to execute, on behalf of such copartnership, a power or warrant of attorney to confess a judgment against his firm for a partnership debt.

2. DEBTOR AND CREDITOR—*Preferences.*—A debtor has a right to favor one of his creditors to the exclusion of others, confessing judgment or creating liens in other ways on his property. The right to prefer a creditor is his legal privilege.

3. JUDGMENT BY CONFESSION—*Courts Exercise Equity Jurisdiction.*—In cases of judgments by confession, a court of law exercises a purely equitable jurisdiction, and it will not disturb such a judgment upon a motion to vacate it, unless the moving party shows that he does not owe the amount of the judgment; or if it appears to the court that in a trial of the cause of action judgment must be rendered against the moving party.

4. SAME—*When Equity Will Not Enjoin.*—A court of equity will not enjoin a judgment at law where there has been no service, unless it is alleged and proved that, if the relief be granted, a different result will be obtained than that already adjudged by the void judgment. Such relief will not be granted if it appears that the debtor owes the amount of the judgment.

5. SAME—*When the Validity of the Judgment Will Not Be Inquired Into.*—When a bill in equity is filed to set aside a judgment obtained at law, the validity of the judgment will not be inquired into " unless it

appears that no debt is owing for which judgment could be equitably rendered, or that the complainant is not equitably bound to pay any part of the debt.

6. SAME—*Where Equity Will Not Interfere.*—A court of equity will not interfere to set aside a judgment until it appears that the result will be other or different from that already reached.

**Motion to Vacate Judgment by Confession.**—Error to the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed October 19, 1899.

**Statement.**—Axel G. Berg, plaintiff in error, and one Coxe, were partners as merchant tailors under written articles of partnership on March 23, 1898, and had been such partners prior thereto from August 21, 1897. They had never engaged in any other business together. Coxe had charge of the financial matters of the firm, signed all of the firm checks drawn on the defendant in error bank where the firm kept its account. He also opened the account and did all the firm business with the bank.

On March 23, 1898, Coxe executed a note of $500 in the firm name of Coxe & Berg, which was indorsed by one Reuben R. Chadwick, and procured its discount at the bank, the firm deposit account being credited with the proceeds. On the same day the note was discounted Coxe, in order to secure Chadwick for his guarantee and indorsement of the note to the bank, in the name of Coxe & Berg made another note, the one in question in this case, for the sum of $500, due in sixty days, payable to the order of said Chadwick, bearing interest at the rate of seven per cent per annum, and delivered the same to Chadwick. Annexed to this latter note, and as a part thereof, is a power of attorney to confess judgment, which was executed by Coxe in the firm name of Coxe & Berg.

There is a conflict in the evidence as to whether Coxe had express authority from Berg to discount the note with the bank, or to make the note with power of attorney in the firm name to Chadwick. For the purpose of this case it may be conceded that he had no such authority, except

such as arose by implication of law from their relation as partners.

The firm account of Coxe & Berg with the bank was entirely exhausted before the maturity of the discounted note. When this note matured the bank demanded payment of the firm of Coxe & Berg, which was not made, whereupon the bank demanded of Chadwick that he either secure or pay the discounted note. Chadwick then produced to the bank the judgment note in question herein, and indorsed it to the bank, upon which, after a demand thereon being made and a failure to pay, the bank caused a judgment to be rendered under the power of attorney against both Coxe and Berg. Berg moved to set aside the judgment, on the hearing of which motion the facts above stated appeared. The motion was overruled and Berg prosecutes this writ of error.

CRATTY, JARVIS & CLEVELAND, attorneys for plaintiffs in error.

That a member of a copartnership has no implied authority to execute on behalf of such copartnership a power or warrant of attorney to confess a judgment against such partnership, even for a partnership debt, is sustained by the following authorities: Sloo v. The State Bank, 1 Scam. 428; Bates' Law of Partnership, Vol. 1, Sec. 377, 378 and 379; Lindley on Partnership (Ewald), Vol. 1, star page 474, with note 2, and authorities; Black on Judgments, Vol. 1, Sec. 57, p. 63; Joliet Electric L. & Power Co. v. Powers, 23 Ill. App. 45; Uhlendorf v. Kaufman, 41 Ill. App. 373; Campbell v. Goddard, 17 Ill. App. 382; Buchanan v. Candia Plow Co., 39 Pac. Rep. 899.

A debtor has a right to favor one of his creditors to the exclusion of others by giving judgment or creating liens in other ways on his property. The right to prefer is his legal privilege. Wood v. Clark, 121 Ill. 359; Morris v. Tillson, 81 Ill. 607; Bowden v. Bowden, 75 Ill. 143; Cooper v. McClun, 16 Ill. 435.

ALFRED E. McCORDIC, attorney for defendant in error.

While a partner has no power, simply by virtue of the partnership relation, to bind the partnership by executing in the firm name a warrant of attorney to confess judgment against the firm, yet where the partnership, by its course of dealing, has held out such partner to those dealing with it as clothed with full powers of a general financial agent, the authority to execute the judgment note may be implied from the circumstances surrounding the transaction.   Chicago T. & T. Co. v. Chicago Nat. Bank, 176 Ill. 224.

Upon an application to vacate a judgment by confession, the affidavits filed in support of the motion must show clearly that the applicant has a substantial and meritorious defense to an action on the note.   Chicago Fire Proofing Co. v. Park Nat. Bank, 145 Ill. 481;   Mumford v. Tolman, 157 Ill. 258.

Mr. Justice Windes delivered the opinion of the court.

Plaintiffs in error advance three propositions:   1st. That a member of a copartnership has no implied authority to execute on behalf of such copartnership a power or warrant of attorney to confess a judgment against such partnership, even for a partnership debt.   2d. A debtor has a right to favor one of his creditors to the exclusion of others by giving judgment or creating liens in other ways on his property.   The right to prefer is his legal privilege.   3d. Where a motion to vacate a judgment confessed is based solely on the fact that the court was without jurisdiction to enter the judgment, if such fact be shown, the judgment should be vacated and the execution recalled and the alleged creditor left to his remedy in the ordinary manner.

Taking these propositions as a basis, it is contended that it follows that the judgment in this case is erroneous and should be reversed.

The first and second propositions are conceded, and properly so, by counsel for defendant in error, to be the law. The third proposition is not, in our opinion, tenable.   It does not follow that because the warrant of attorney in this case was executed by Coxe, without the latter's express authority, and therefore was invalid as a power, that the

Superior Court was without jurisdiction, and it should have set aside the judgment.

The note to the bank, executed by Coxe in the firm name of Coxe & Berg, was good as a simple promissory note of the partnership, and, as to the bank, which had no notice, so far as appears from this record, but that the proceeds of the note were to be and were appropriated to the business of the firm, constitutes an individual indebtedness of each of the members of the firm, as against which no defense is shown.

Counsel for plaintiffs in error make an exhaustive argument in their attempt to show that the case of Sloo v. The State Bank of Illinois, 1 Scam. 428, sustains his contention that the judgment in the case at bar is void because of the lack of authority of Coxe to execute in the firm name the warrant of attorney, under which the judgment was confessed, and also that the later cases hereinafter referred to do not announce a different rule. He contends that Berg has the right to have the judgment annulled without reference to the merits.

It has been repeatedly held that, in cases of judgments by confession, a court of law exercises a purely equitable jurisdiction, and that it will not disturb such a judgment upon a motion to vacate it, unless the moving party shows that he does not owe the amount of the judgment; or, in other words, that if it appears to the court that in an action on the note a judgment must be rendered against the moving party, the judgment by confession will not be disturbed. Hier v. Kaufman, 134 Ill. 215, 225; Farwell v. Huston, 151 Ill. 239, 245.

In the Hier case, *supra*, the Supreme Court, after referring to the Sloo case, *supra*, and distinguishing the latter case from the one under consideration, says:

" This court has decided in Colson v. Leitch, 110 Ill. 504, that ' a court of equity will not enjoin a judgment at law where there has been no service, unless it is alleged and proved that, if the relief be granted, a different result will be obtained than that already adjudged by the void judgment.' Such relief will not be granted if it appears, as it

does appear in the case at bar, that the debtor owes the amount of the judgment, and has no defense, either legal or equitable, to the debt for which the judgment is rendered. The same doctrine is announced by Freeman, in his work on Judgments (Sec. 498), where it is said: ' The better established rule undoubtedly is, that notwithstanding an alleged want of service of process a court of equity will not interfere to set aside a judgment until it appears that the result will be other or different from that already reached.' "

In the Farwell case, *supra*, the Hier case was re-affirmed, and the court say, in substance, that while a court of law exercises an equitable jurisdiction over judgments by confession, and holds that even where there is an absence of authority to confess, still relief will not be granted "if it appears that the debtor owes the amount of the judgment and has no defense, either legal or equitable, to the debt for which the judgment is rendered."

These cases being the later expressions of the Supreme Court, and both referring to the Sloo case, *supra*, we regard them as in effect modifying the Sloo case in so far as it may be held to justify the court in vacating a judgment, to confess which there was an absence of authority, when no defense upon the merits is shown. This being so, we deem it unnecessary to discuss in detail the several authorities cited by counsel.

When a proceeding is taken in chancery to set aside a judgment obtained at law, the validity of the judgment will not be inquired into "unless it appears that no debt is owing for which judgment could equitably be rendered, or that complainant is not equitably bound to pay any part of the debt." Tompkins v. Lang, 74 Ill. App. 500; Colson case, *supra*.

The latest expression of the Supreme Court to which our attention has been directed—Blake v. State Bank, 178 Ill. 184—recognizes the equitable jurisdiction of a court of law in such matters, and holds that where a judgment is entered by confession, without authority of the defendant, he, if "injured by it, may have it set aside upon motion."

Plaintiffs in error do not show that they have been injured. The judgment is affirmed.