Rogan v. Eads.

---

## B. M. Rogan v. H. M. Eads.

| 92 | 157 |
|----|-----|
| 101 | 511 |

1. PRESUMPTIONS—*In Aid of Judgments at Law Do Not Apply to Decrees.*—Presumptions which will aid a judgment at law do not exist in favor of decrees in chancery and the court will not presume that any evidence was given in the court below except such as appears by the recitals of the decree or is otherwise made to appear.

**Bill for an Injunction.**—Error to the Superior Court of Cook County. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed November 20, 1900.

ROSENTHAL, KURZ & HIRSCHL, attorneys for plaintiff in error.

D. L. CARMICHAEL and J. E. HURTUBISE, attorneys for defendant in error.

MR. PRESIDING JUSTICE SHEPARD delivered the opinion of the court.

This is the case of a perpetual injunction decreed in favor of the defendant in error against the plaintiff in error, restraining the latter from disposing of or enforcing a certain judgment at law. The bill was answered by the plaintiff in error denying all its material allegations.

Defendant in error says in his brief, that the chancellor "heard the evidence of many witnesses and found the facts alleged in the bill of complaint were true."

If that statement *dehors* the record is true, it is unfortunate that the transcript before us does not sustain it.

No evidence whatsoever appears in the record and no findings of fact are contained in the decree.

Presumptions that will aid a judgment at law do not exist in favor of a decree in chancery. We may not presume that any evidence was given in the court below except such as the decree recites, or is otherwise made to appear. Farwell v. Patterson, 76 Ill. App. 601; and in addition to the authorities there cited see McIntosh v. Saunders, 68 Ill. 128; Baird v. Powers, 131 Ill. 66; Ryan v. Sanford, 133 Ill. 291, and Jele v. Lemberger, 163 Ill. 338.

The evidence, if there was any, not being preserved in the record in any of the various methods whereby it might have been, there is nothing before us to support the decree, and it must be reversed, and the cause remanded.