DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURT OF ILLINOIS

## DURING THE YEAR 1902.

### J. Irving Pearce et al. v. Robert Miller.

1. CONFESSION OF JUDGMENTS—*Courts of Law Exercise Equitable Jurisdiction on Motions to Vacate.*—On motions to vacate judgments by confession a court of law exercises a purely equitable jurisdiction and will not disturb such judgment unless the moving party shows that he does not owe the amount of it, and if it appears to the court that in an action on the note a judgment must be rendered against the moving party, the judgment by confession will not be disturbed.

**Motion to Vacate a Judgment by Confession.**—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1900. Affirmed. Opinion filed January 16, 1902.

JAMES E. PURNELL and BRODE B. DAVIS, attorneys for appellants.

W. O. JOHNSON, D. J. & D. J. SCHUYLER, JR., and John STIRLEN, attorneys for appellee; D. J. SCHUYLER, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court. May 19, 1900, at the May term, 1900, of the court, judgment was entered by the trial court in favor of appellee and against appellants by confession, for the sum of $6,500, on

(424)

the following note, and by the virtue of the power of attorney thereto attached :

" $6,000.                         CHICAGO, ILL., May 18, 1900.

Ninety days after date, for value received, we promise to pay to the order of Produce Exchange Bank of Chicago, $6,000, at their office in Chicago, Ill., with interest at seven per cent per annum after maturity until paid.

And to secure the payment of said amount we hereby authorize irrevocably any attorney of any court of record to appear for us in such court, in term time or vacation, at any time thereafter, and confess judgment without process in favor of the holder of this note for such amount as may appear to be unpaid, whether due or not, hereby expressly waiving all benefit under the exemption laws of Illinois, together with costs and five hundred dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that our attorney may do by virtue hereof.    And said bank, or its assigns, is hereby authorized to apply upon this note, at its option, any money or other property in the possession of said bank, or its assigns, belonging to the undersigned.

JOHN IRVING PEARCE, JR.,<br>J. IRVING PEARCE."

The pleadings are such as are usual in like cases.   The appellants, J. Irving Pearce and J. Irving Pearce, Jr., moved the court, at the June term, 1900, of the court, to vacate and set aside the judgment, which motion was heard on affidavits in support of and in opposition to the motion. The court, June 30, 1900, reduced the amount of the attorney's fee included in the judgment from $500 to $200, whereupon appellee remitted $300 from said judgment entered May 19, 1900, and the court overruled appellant's motion to vacate the judgment.   The affidavits are too voluminous to be set forth in this opinion or referred to in detail.   The sole contention of appellants, as appears by the affidavits filed in support of their motion, is that when the note and warrant of attorney were executed by them, the word next before the words " hundred dollars attorney's fees " was " two," and that since the execution and delivery of the instrument to the Produce Exchange Bank, the word

"two" has been changed to "five." We are of opinion, from a careful reading of the affidavits for and against the motion, and from inspection of a photograph in evidence of the words " five hundred dollars," now in the instrument, that no such change as claimed by appellants was made. The note on which judgment was entered, was assigned to appellee before maturity, and it was made under the following circumstances : Prior to February 17, 1900, appellant J. Irving Pearce, Jr., had borrowed from the Produce Exchange Bank $6,000, $5,000 of which was evidenced by his promissory note, payment of which was guaranteed by his father, J. Irving Pearce, the other appellant. February 17, 1900, the said sum of $6,000 being past due and wholly unpaid, the bank, at the request of appellants, extended the time for the payment of the same, on appellants executing to the bank a judgment note for $6,000, the warrant of attorney authorizing confession of judgment for $200 attorney's fees, in addition to the principal sum evidenced by the note. When the last mentioned note fell due, appellants being unable to pay anything on it, the note first above mentioned, of date April 18, 1900, was made. It is apparent from the facts stated that, aside from the contention of the alteration of the amount of the attorney's fee, there is no defense to the note.

Appellants do not claim that they are not justly indebted to appellee in the sum of $6,000, nor do they claim that they are not indebted for an attorney's fee, except on the theory that the warrant of attorney was altered as above mentioned, which theory we do not find supported by the weight of the evidence.

In Berg v. Commercial Nat. Bank, 84 Ill. App. 614, the warrant of attorney to confess judgment was executed by one of two partners in the partnership name, and it was conceded that one partner has no implied authority from the mere partnership relation, to bind his partner by the execution of a warrant under seal in the firm name. Nevertheless, it appearing that the partnership owed the debt evidenced by the note, we affirmed the refusal of the trial court to set the judgment aside, saying :

" It has been repeatedly held that, in cases of judgments by confession, a court of law exercises a purely equitable jurisdiction, and that it will not disturb such a judgment upon a motion to vacate it, unless the moving party shows that he does not owe the amount of the judgment; or, in other words, that if it appears to the court that in an action on the note a judgment must be rendered against the moving party, the judgment by confession will not be disturbed. Hier v. Kaufman, 134 Ill. 215, 225; Farwell v. Huston, 151 Ill. 239, 245."

In Farwell v. Huston, 151 Ill. 239, 245, the court say :

" Such relief will not be granted if it appears that the debtor owes the amount of the judgment, and has no defense, either legal or equitable, to the debt for which the judgment was rendered," citing prior cases.

An application to set such a judgment aside must be determined on equitable grounds, as has been held in numerous cases, and we are satisfied that a court of equity would not, on bill filed, set aside the judgment in question on such evidence as is contained in the record before us.

We are of opinion, from inspection of the entire record, that substantial justice has been done, and the judgment will be affirmed.