## B. M. Rogan v. H. M. Eads.

101   509<br>104   ¹288

1.  CHANCERY PRACTICE—*What is Necessary to Sustain a Decree on Appeal in a Court of Review.*—In order to sustain a decree on appeal in a court of review, the evidence upon which it is based must be preserved in the record in some form, or the decree itself must find the specific facts necessary to sustain it.

2.  JUDGMENTS—*When Equity Will Enjoin the Collection.*—Before equity will enjoin a judgment at law, even where there has been no service of summons, it is essential that the defendant has a meritorious defense to the cause of action upon which such judgment was recovered.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding.   Heard in this court at the October term, 1901.   Reversed and remanded.   Opinion filed April 10, 1902.

Rosenthal, Kurz & Hirschl, attorneys for appellant.

William H. Martz and Charles Woodward, attorneys for appellee.

Mr. Presiding Justice Windes delivered the opinion of the court.

On a bill filed by appellee, Eads, against appellant, Rogan, after answer and replication thereto, a hearing was had before the chancellor upon oral and documentary evidence offered in open court, and a decree rendered which finds:

"That on the 6th day of June, 1894, a summons was issued by John Richardson, a justice of the peace in and for the county of Cook, and State of Illinois, against the complainant, H. M. Eads, returnable on the 15th day of June, 1893, at 3 o'clock p. m., to answer the complaint of B. M. Rogan for failure to pay her a certain demand not exceeding two hundred dollars; that said summons was delivered to one H. B. Goodrich, a constable in and for the county of Cook aforesaid, and was afterward, on the 11th day of June, 1898, returned by said constable with an indorsement thereon that he had served said writ by reading the same to H. M. Eads; that on the 15th day of June, 1898, a judgment was entered by the said John Richardson, justice of the peace, as aforesaid, in favor of the said B. M. Rogan and against the said H. M. Eads for the sum of two hundred dollars and costs of suit; that afterward, on the 12th day of July, 1898, an execution was issued upon said judgment against the complainant, and delivered to the said H. B. Goodrich, constable as aforesaid; that said summons was not in fact served upon the complainant, H. M. Eads, and that the return of service indorsed by the said H. B. Goodrich, constable as aforesaid, on said summons, was and is untrue and false; that the said H. M. Eads did not enter his appearance in said suit, nor authorize any person or persons to do so, and that said John Richardson, justice of the peace as aforesaid, had no jurisdiction of the said H. M. Eads, and was without jurisdiction to enter said judgment, and that the same is null and void and of no force or effect; that the complainant had no notice or knowledge of the commencement of said suit, the return of said constable on said summons, or the entry of said judgment, until on or about the 21st day of July, 1898; and that all the material allegations of said bill have been proved,

Rogan v. Eads.

and that the complainant is entitled to the relief prayed for in said bill."

No other findings are made by the decree, and it proceeds to perpetually restrain appellant from enforcing the collection of said judgment, declares the judgment null and void and vacates it.

There is no certificate of evidence in the record and no basis for said decree except the above findings of the court in the decree.

It has been repeatedly decided by the Supreme Court and this court, that to sustain a decree granting affirmative relief, the evidence must be preserved in the record in some form; the decree itself must find the specific facts necessary to sustain it. And it is not enough that the decree find that all the material allegations of the bill are found to be true, and it alleges the facts specifically. Lawrence v. Lawrence, 181 Ill. 248, and cases cited; Rump v. Rump, 94 Ill. App. 582, and cases cited; Rogan v. Eads, 92 Ill. App. 157.

Appellant's counsel, however, claim that the Rump case was improperly decided; which may be true, but we gave the question at bar very full consideration in that case, reviewing very many cases, and do not feel justified, from anything said in the able and very urgent argument of counsel for appellant, in departing from the ruling in that case. We think it is fully settled by the Supreme Court in the cases there cited, which we have attempted to follow, and it is not our province to rule contrary to what we conceive to be the holding of the Supreme Court. As will be seen, there is no finding in this decree that appellee had a meritorious defense, or any defense, to the suit of appellant against him before the justice of the peace. Without such a finding, there being no evidence preserved in the record, the decree can not stand.

Before equity will enjoin a judgment at law, even when there has been no service on the defendant, it is essential that a meritorious defense be shown. The reason for the rule is that it is a maxim of equity that it will not do a useless thing. It would be useless to set aside a judgment

at law unless it is shown that there would be a different result upon another trial at law. Colson v. Leitch, 110 Ill. 504, and cases cited; Telford v. Brinkerhoff, 163 Ill. 439; Tompkins v. Lang, 74 Ill. App. 500; Berg v. Commercial Nat. Bk., 84 Ill. App. 614, and cases cited; Huebschman v. Baker, 7 Wis. 542, and cases; Abelman v. Roth, 12 Wis. 81; Headley v. Bell, 84 Ala. 346.

Counsel for appellant cite numerous cases to the effect, in substance, that equity will set aside a judgment which is against conscience, and contends that the bill shows this judgment was unjust, unjustifiable, and that appellee was not indebted to Rogan.

The cases cited do not conflict in principle with those last above noted. It can not be said a judgment is against conscience, unjust or inequitable, if in fact the judgment debtor owes the plaintiff the amount of the judgment. The fact the bill alleges as claimed, will not avail appellee, because allegations alone, without proof, it is well settled, are not sufficient to sustain a decree. Moreover, the statute of this State (Rev. Stat. 1901, Chap. 69, Sec. 7) provides:

"Only so much of any judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay, and so much as shall be sufficient to cover the costs."

This statute is imperative, and controls the question at bar. The decree is reversed and the cause remanded.