## GLINSKI v. UNITED STATES.
### No. 6188.

Circuit Court of Appeals, Seventh Circuit.
Nov. 9, 1937.

Rehearing Denied Dec. 4, 1937.

John Edward Saff and John Franklin Lax, both of Chicago, Ill., for appellant.

Michael· L. Igoe, U. S. Atty., and Roy D. Keehn, Jr., and Raymond P. Drymalski, Asst. U. S. Attys., all of Chicago, Ill., for appellee.

Before ˉVANS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

EVANS, Circuit Judge.

This appeal is from a ruling by the District Court which denied three motions made by appellant. One motion was to vacate a judgment previously entered in favor of appellee against appellant. Another was to "quash service of *fieri facias.*" The third motion was to "quash service of notice of levy."

The motion does not state that the notice of levy and the service of the *fieri facias* were in the above entitled cause, but such fact is inferable. Appellant's petition for leave to appeal "prays an appeal to said United States Circuit Court of Appeals for the Seventh District (Circuit) and further prays that the Court enter such order as is required on the Plaintiff to appear, etc." It does not describe the order from which the appeal is sought. It ends as follows:

"Wherefore your petitioner prays that she be granted an appeal from the United States District Court in and for the Northern District of Illinois, Eastern Division, to the United States Circuit Court of Appeals for the Seventh Circuit, in accordance with the rules and the Statute in such case made and provided, and that the court enter such other and further orders in the premises as this court shall deem meet."

The District Court, referring to the petition for allowance of an appeal, ordered that it be "allowed on Defendant's filing herein her appeal bond," etc. Although neither the petition nor the order which allowed the appeal specifically designated the ruling from which the appeal was taken, it is fair to assume from the briefs ·that appellant intended to appeal from the order which denied her motion to vacate a judgment, and it is likewise inferable that the judgment is the one entered in favor of appellee against appellant on a recognizance by her given in a criminal case. The second ruling which appellant treats as a part of the same order denied her motion to quash service of *fieri facias,* and the third ruling also a part of the same order denied her motion to quash service of notice of levy. Again it is inferable, although not stated, that the execution was issued on the judgment rendered in the above entitled cause.

The appeal must be dismissed as to two of the orders because they are not appealable, and this court therefore is without jurisdiction to hear them.

██ An order denying a motion to quash an execution is not appealable. Loeber v. Schroeder, 149 U.S. 580, 13 S.Ct. 934, 37 L.Ed. 856; McCargo v. Chapman, 20 How. (61 U.S.) 555, 15 L.Ed. 1021; Amis v. Smith, 16 Pet. (41 U.S.) 303, 10 L.Ed. 973; Evans v. Gee, 14 Pet. (39 U.S.) 1, 10 L.Ed. 327; 2 American Jurisprudence, page 913.

An order denying motion to quash service of *fieri facias* is not appealable. Wells, F. & Co. v. McGregor, 13 Wall. 188, 20 L.Ed. 538; Cole v. Rustgard (C.C.A.) 68 F.(2d) 316.

██ An order denying a motion to vacate a judgment is likewise not ordinarily appealable. Smith v. U. S. ex rel. Gorlo (C. C.A.) 52 F.(2d) 848; 2 Am.Juris. page 904; Republic Supply Co. v. Richfield Oil Co. (C.C.A.) 74 F.(2d) 907, 909; Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013; Baker v. White, 92 U.S. 176, 23 L.Ed. 480; 4 Corpus Juris Secundum, page 265, Appeal and Error.

The rule, however, is subject to what might be called an exception. Stevirmac Oil & Gas Co. v. Dittman, 245 U.S. 210, 38 S.Ct. 116, 62 L.Ed. 248.

Ordinarily the only relief available is a suit in equity to restrain the enforcement of the judgment. Marine Insurance Co. v. Hodgson, 7 Cranch (11 U.S.) 332, 3 L.Ed. 362; Hendrickson v. Hinckley, 17 How. (58 U.S.) 443, 15 L.Ed. 123; Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013. Although a court of equity may grant relief against a judgment entered in an action at law because of fraud, the complainant must be in a position equitably to seek relief.

The foregoing rules apply to judgments entered upon cognovit with equal or greater force.

Whether an appeal lies; that is, whether the order is appealable, turns upon the character of the proceedings which resulted in the order appealed from.

Our conclusion is that if "the proceeding to vacate the judgment is in effect a separate proceeding," the order entered therein refusing to vacate the judgment is final and reviewable. Stevirmac Oil & Gas Co. v. Dittman, supra.

Examining the record, we find nothing to indicate that appellant was instituting a separate proceeding when she made her application which resulted in the order refusing to set aside the judgment. She appeared specially to quash the service of the *fieri facias*. No petition, affidavit or other pleading accompanied her motion to support the relief sought from the judgment in the action at law. Appellant also appeared specially and for the sole purpose of quashing the service of notice of levy. Likewise, there was no pleading or paper setting forth any fact which would entitle her to relief in a court of equity. She also appeared specially to move to vacate the judgment and "for no other purpose whatsoever." Nowhere does it appear that there is any basis for a valid attack on the judgment. No fraud, duress or perjury is charged.

The declaration set forth the undertaking and the cognovit. The judgment was entered February 7, 1935. It was based on a confession of judgment by an attorney authorized by the cognovit to make such confession. Appellant had signed a bond for one Henry Elliott who was charged with a criminal offense and who sought and obtained his freedom through appellant's bail bond. Elliott fled and his bond was forfeited. Action was thereupon begun and judgment entered as aforesaid. No fact set forth in the declaration or the confession of judgment has been disputed by appellant.

Her various motions were denied November 5, 1936.

If we were to treat her application as a separate proceeding (and it is only on that theory that the order refusing to set aside the judgment may be considered a final judgment and therefore appealable), there is nothing set forth which brings her within the group of plaintiffs entitled to equitable relief in a suit in equity brought to obtain relief from a judgment entered in an action at law.

It is settled in Illinois that a court, when asked to open a judgment entered by confession of attorney, exercises jurisdiction of an equitable nature. Its conscience is appealed to, and if the debtor makes no showing of a meritorious defense, the motion to open or vacate the judgment must be denied, even though there be technical defects of procedure. In short, the debtor must show that he does not owe the debt; otherwise it would be futile to vacate the judgment. Farwell v. Huston, 151 Ill. 239, 37 N.E. 864, 42 Am.St.Rep. 237; Berg v. Commercial Bank, 84 Ill.App. 614; Hier v. Kaufman, 134 Ill. 215, 25 N.E. 517; Blake v. State Bank, 178 Ill. 182, 52 N.E. 957; Holmes v. Parker, 125 Ill. 478, 17 N.E. 759.

The judgment before us for review was entered in Illinois.

The appeal from the order denying appellant's motion to quash service of the *fieri facias* and the order denying her motion to quash service of notice of levy is dismissed. The order denying appellant's motion to vacate the judgment is

Affirmed.