In re COLWELL et al.

BIBO v. BURNETT.

No. 6181.

Circuit Court of Appeals, Seventh Circuit.

Dec. 3, 1937.

On Rehearing Jan. 6, 1938.

V. W. McIntire, of Danville, Ill., for appellant.

Acton, Acton & Baldwin, of Danville, Ill. (Wm. A. Acton and D. S. Baldwin, both of Danville, Ill., of counsel), for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

EVANS, Circuit Judge.

The District Court overruled a motion which sought (1) to vacate a final decree, (2) to secure a rehearing, and (3) leave, to offer additional evidence. The previously entered final decree ordered the reduc-

tion of a mortgage given by bankrupts to defendant, because, in part, a fraudulent conveyance.

The Facts: Plaintiff, as trustee in bankruptcy of the estate of William H. Colwell, bankrupt, and also as trustee of Adda Colwell, bankrupt, brought this plenary suit to reduce or to set aside, as a fraudulent conveyance, an $18,000 mortgage on the farm of said bankrupts. In the Spring of 1932, Mrs. Colwell was adjudged a voluntary bankrupt. Shortly thereafter her husband, William Colwell, was also adjudged a voluntary bankrupt. In the preceding November they had executed and delivered a mortgage for $18,000 to Mrs. Colwell's mother, Mrs. Burnett. This mortgage was recorded the next day. It covered a farm in which Mrs. Burnett had an unassigned dower right and was given to secure two notes, one for $5,000 and the other for $13,000, an amount alleged to be due Mrs. Burnett as rental for her unassigned dower interest, from 1920 to 1931 with 6% compound interest. The District Court held the mortgage valid as to the $5,000 and a fraudulent conveyance as to the rental of dower interest. The court's reasons are well stated and excerpts from his memorandum appear below.[1]

It appears, or is at least inferable, that Mr. Colwell learned that other creditors with claims approximating $30,000 were about to obtain judgments against him. He and his wife thereupon executed this mortgage to his wife's mother.

The material dates are:

Nov. 18, 1931, mortgage executed

Nov. 19, 1931, mortgage recorded

Jan. 6, 1932, judgments totalling nearly $35,000 obtained

Jan. 21, 1932, $3,000 judgment obtained

Mar. 28, 1932, Mrs. Colwell's voluntary petition in bankruptcy filed

May 3, 1932, Mr. Colwell's petition in bankruptcy filed

July 29, 1932, trustee in bankruptcies suit to set aside mortgage instituted

July 25, 1936, Decree reducing amount of mortgage cutting out fraudulent part of debt

[1] "In view of the fact that fraud is seldom if ever found in the open, but, rather, lurking in secret places, the court must examine the circumstances * * to determine whether the conveyance is merely a voluntary one, whether the indebtedness alleged is a sham and afterthought and whether there was an intention that payment of such indebtedness would be exacted regardless of the fortune or misfortune of the debtor so that there must be a finding of fraud, though there be no direct evidence thereof. Even though the parties testify that no fraud was intended, if the facts and circumstances satisfactorily and clearly show the contrary, the latter must prevail. * *

"With these rules in mind, what do we find the circumstances of this case to be? We find the owners of the equity in real estate filing voluntary petitions in bankruptcy shortly after the expiration of the four month period allowed by law for recovery of preferences. We find them remaining in possession at all times for the last four years without accounting to the trustee or making any payment to the representative of the court from whom they have sought relief in an attempt to discharge their indebtedness. * * We find that for the last eleven years, though the debtor Colwell kept careful books of account, he showed no rental accruing or paid to the mother, who was then living in his household and enjoying the expenses of care and maintenance. There is no evidence in this record that Mrs. Burnett at any time during these eleven years asked for any rental or had anything other than an intent that her interest of the rents should be fully discharged by her living with her daughter and her husband * *. Mrs. Burnett is eighty-six years old. If she dies intestate her property will go to her children, one of whom is the bankrupt, Mrs. Colwell * *.

"His intent to protect this $5000.00 indebtedness was entirely proper * * and when he conceived this idea he had no thought of including rental, nor did Mrs. Burnett. It was only after he had discovered that perhaps even at this late date a stale demand for dower rentals could be made to stand up that it was suggested, not by Mrs. Burnett, but by him * *.

" * * courts of equity * * should consider laches. Here for eleven years Mrs. Burnett acquiesced in the lack of payment of income to her from the farm. * * To the banks and other parties to whom he made his financial statement, he said that this land was unincumbered and would remain so. * * It follows that Mrs. Burnett's claim for rental from 1920 up until the adjudication in bankruptcy, must fail.'

Sept. 4, 1936, Motion to vacate decree

Oct. 27, 1936, Motion denied

Jan. 23, 1937, Notice of Appeal.

It appears that the mortgage was given upon a farm of 324 acres which had belonged to Mrs. Burnett's husband who died in the '80s. The bankrupts purchased the property and paid Mrs. Burnett rental to cover her dower interest up to 1920, when Mr. Colwell began making extensive improvements. Mrs. Burnett, a woman of 86 years of age and infirm, did not testify, but bankrupts stated she had often asked for her rent during the period in question. On the motion for rehearing, it was stated that Mrs. Burnett's deposition could be taken to substantiate the testimony given by the bankrupts, but the court declared such evidence was merely cumulative.

Were it necessary so to do, we would be compelled to find that there was substantial evidence to support the cogent reasons given by the district court for its conclusions.

We must, of necessity, however, dispose of this appeal on the ground that the order of which review is sought is not appealable.

The decree from which this appeal is taken is as follows:

"The court filed its formal findings of fact and conclusions of law herein, in favor of plaintiff and against defendants, on May 29, 1936. Following this, a decree was entered on July 5, 1936 in accordance with the finding and conclusions. This was a final disposition of the case.

"Thereafter on September 4, 1934 Anna E. Burnett filed a motion to set aside the decree and to grant a rehearing. On October 17, 1936, plaintiff filed his objections to said motion.

"After due consideration, the court is of the opinion that the motion to set aside the decree should be denied. Passing any question as to the jurisdiction of the court to reopen the case at this stage, there remains the further obstacle that the evidence is merely cumulative; that it is not newly discovered; that it was known to defendants at all times; that no continuance was ever requested because of illness of the tendered witness. I believe, therefore, that it would be an abuse of my discretion to grant a rehearing, and same is hereby denied."

Only final decrees, save those provided for in 28 U.S.C.A. § 227 (receiverships and injunctons), are appealable. Orders denying petitions for rehearing and motions to set aside decrees and grant a new trial are not appealable orders. Smith v. U. S. ex rel. Gorlo (C.C.A.) 52 F.2d 848; Glinski v. U. S., 7 Cir., 93 F.2d 418, decided by this court, November 9, 1937, and Andris v. Du Pont Cellophane Co., 7 Cir., 93 F.2d 421, decided by this court, November 30, 1937.

The appeal is dismissed.

### On Petition for Rehearing.

Appellant, in her petition for rehearing, has pointed out an error in our opinion which calls for correction. We said the order from which the appeal was taken was not a final decree and therefore was not appealable. We were in error in making this statement. There were several orders entered and the one from which the appeal was taken was appealable.

In the opinion which we filed we discussed the merits of the case and concluded that the evidence supported the District Court's findings on the fact issues of fraud and laches. This being so the decree should have been affirmed, rather than the appeal dismissed.

We are satisfied that the conclusion previously reached is correct and it follows that the order heretofore made must be corrected so as to read

The decree is

Affirmed.