CHARLES L. ARMSBY, Appellant, *v.* THE PEOPLE OF THE STATE OF ILLINOIS, *ex relatione* Eleazar A. Paine, Appellees.

APPEAL FROM WARREN.

There is no redemption from a sale under a proceeding to enforce a mechanics' lien; although the sheriff is directed to execute the decree by a sale of the land.
A judgment creditor cannot, under any circumstances, redeem from a sheriffs' sale until after the expiration of twelve months.

THE relator filed his petition in October, 1854, showing the following statement of facts:

In April, 1851, a decree was made in a proceeding under the statute to enforce a mechanics' lien in the Circuit Court of Warren county, Illinois, wherein Jesse Spencer was petitioner and Jeremiah Baily was defendant, ordering and adjudging that the said Baily pay the said Spencer $135 and costs of suit, and that, in default of payment by Baily within six months, that the south-east quarter of section nine, in township eleven north, in range two west, in said county, be sold by the sheriff of said county, upon the delivery to him of a certified copy of said decree. That default was made by said Baily in said payment; that a certified copy of said decree was thereupon delivered to

the sheriff of said county, and that the said sheriff, by virtue of said decree, levied on said land and sold the same on the 23rd day of October, A. D. 1852, after notice given as required by said decree, to said Spencer, for the sum of $160.43 ; and that a certificate of purchase was then delivered to said Spencer, which was subsequently assigned to George F. Harding.

That at the September term of " the Circuit Court," A. D. 1852, a judgment was rendered in favor of Luzerne Bartholomew, against said Baily, for $640.63 and costs, on which execution was issued and returned within the year ; and that on said judgment a second execution was issued on 7th October, A. D. 1853, and delivered to the defendant, then sheriff of Warren county, and was by him levied on said land ; and that, on the same day, said Bartholomew then paid said sheriff $183.64 for said Jesse Spencer and assigns, with the view of redeeming said land from said sale to Spencer as a judgment creditor ; and that said sheriff on the same day filed in the clerk's office a certificate of redemption " thereof as aforesaid," and having duly advertised, sold said land, on 1st December, 1853, to the relator for $900, and delivered him a certificate of purchase, certifying that he would be entitled to a deed of said premises on 1st February, 1854, unless redeemed.

That no other attempt was ever made by any other person to redeem said land from said sale to Spencer ; that two years have elapsed from said sale ; that no attempt has been made to redeem the land from the sale to the relator, and that nine months have elapsed since said sale.

That on 15th June, 1854, relator presented to defendant his said certificate of purchase, and tendered and paid his fees, and demanded said deed in accordance with said certificate, but defendant refused and refuses to make and deliver said deed.

The relator then prays that a writ of mandamus may issue against the said defendant, requiring him to make said deed, etc.

The agreement of the parties to said petition, agrees that the petition contains all the facts with relation to the matters therein stated, and that defendant enters his appearance and waives service of alternative writ, and that the facts therein stated may be taken as his return thereto, and that proceedings may be had as if return had been made and issues formed, etc.

The record then shows the judgment of the Warren Circuit Court, at April term, 1855, that peremptory writ issue commanding the defendant to make the deed according to the prayer of the petition, and against defendant for costs of suit.

The defendant prayed an appeal to this court.

The order in this behalf was issued by WEAD, Judge.

The appellant assigns for error the following causes :

1.  The court erred in rendering judgment against defendant.

2.  The court erred in commanding defendant to make deed to relator.

3.  The court erred in not dismissing the petition and rendering judgment for the defendant.

GEORGE F. HARDING, Attorney for Appellant.

GOUDY & JUDD, for Appellees.

BREESE, J.   This is an application for a peremptory mandamus, against the appellant, sheriff of Warren county, to compel him to make a deed to Paine, the relator, for a certain tract of land described in his petition, which he alleges he purchased under an execution, and which has not been redeemed as prescribed by law.

The facts are not disputed, and are substantially these : At the April term, 1851, of the Warren Circuit Court, a decree was rendered in a proceeding under the statute, to enforce a mechanics' lien in favor of Jesse Spencer and against Jeremiah Baily, ordering and adjudging that Baily pay to Spencer one hundred and thirty-five dollars and costs of suit, within six months from the entry of the decree, and, in default thereof, the south-east quarter of section nine, in township eleven north, in range two west, in said county, be sold by the sheriff of the county, upon delivery to him of a certified copy of the decree. Baily made default, and a certified copy of the decree was thereupon delivered to the sheriff, who sold the land, under it, on the 23rd day of October, 1852, after notice as required by the decree, to Spencer, for the sum of one hundred and sixty dollars and forty-three cents, and gave him a certificate of purchase, which he assigned to George F. Harding.

At the September term, 1852, of the Circuit Court—of what county is not stated in the petition—a judgment was rendered in favor of one Bartholomew, against the same Jeremiah Baily, for $640 $\frac{63}{100}$ and costs, on which execution was issued and returned within the year—what the return was, does not appear— a second execution was issued on the 7th October, 1853, and delivered to appellant, the sheriff, which he levied on the same land above described, and on the same day Bartholomew paid the sheriff $183 $\frac{64}{100}$ for Jesse Spencer and assigns, for the purpose of redeeming the land from the sale to him under the decree, which he claimed the right to do, as a judgment creditor, and the sheriff on the same day filed in the clerk's office a cer-

tificate of redemption " thereof as aforesaid," and, having duly advertised the land, sold it, on the 1st December, 1853, to E. A. Paine, the relator, for nine hundred dollars, and delivered him a certificate of purchase, to the effect that he would be entitled to a deed for the land, unless redeemed on the 1st February, 1854.

No attempt was made by any other person to redeem the land from this sale to Spencer under the decree, and none to redeem from the relator, and on the 15th June, 1854, he presented to the appellant, still being sheriff, his certificate of purchase, tendered and paid the fees, and demanded a deed, which the appellant refused to execute. Resort is had to this proceeding to compel him to make the deed in accordance with the certificate of purchase; and the question which arises is, what was the character of the sale under the decree in the proceeding to enforce the mechanics' lien,—the solution of which disposes of all the other points made in the case.

A reference to the language of the decree will determine this, and that is as follows, so far as this point is concerned : " And in default of payment within six months, the premises (describing the land,) be levied upon and sold, upon delivery, to the sheriff of said county, of a certified copy of said order and decree."

It is contended by the relator, that, inasmuch as the sale was not, under the decree, to be made by the master in chancery of the county, or by a commissioner, but by the sheriff, who was required to levy and sell, and did levy and sell, and give a certificate of sale to the purchaser, such sale is, in effect, a sale under execution, or a final process having the effect of an execution.

An execution, or, as it is called in legal parlance, a *fieri facias*, is the ordinary final process on judgments at law, the form and office of which is well known and understood. It will be perceived that the decree awards no execution nor final process of any kind. The decree is, that the land be sold, upon delivery to the sheriff " of a certified copy of said order and decree." A copy of the decree only being delivered to the sheriff, it cannot, in any proper understanding of the terms, be regarded as " an execution or other final process," so as to bring it within the 46th section of the chancery act, chap. 21. That section declares, " when there shall be no master in chancery or commissioner to execute a decree, the same may be carried into effect by execution or other final process, according to the nature of the case, directed to the sheriff or other officer of the proper county, which, when issued, shall be executed and returned by the sheriff or other officer to whom it may be

directed, and shall have the same operation and force as similar writs issued upon a judgment at law.

"Other final process" must be understood such final process as is the practice of a court of chancery to issue, which are ordinarily, besides executions, writs of attachment, of sequestration, and writs of assistance, all which must run in the name of "The People of the State of Illinois." Sec. 26, art. 5, State Const.

All this the court may do, but at the same time, it is not prohibited from the use of other appropriate means to execute its decrees, and it was competent for the court to clothe the sheriff, as a convenient instrument, with authority to sell, without spreading its reasons for so doing upon the record. *Farnsworth* v. *Strassler*, 12 Ill. R. 482.

He is directed by the decree to execute the decree by a sale of the land, upon delivery to him of a certified copy of the decree, thereby making him, *pro hæc vice*, a commissioner for such purpose only. His levying upon the land, and giving a certificate to the purchasers, are his own acts, not warranted by the decree; that instructed him to sell the land. Having done this, he was bound to make a deed to the purchaser, no redemption being allowed in such cases where none is provided for in the decree. *West and others* v. *Fleming*, 18 Ill. R. 248.

It is unnecessary to consider other questions raised on the argument, as they are all subordinate, and merge in the one decided. It may be well to say, however, that on the relator's own showing, his attempted redemption of the land from the decretal sale is a nullity, even if such sale was by execution, and the property subject to redemption. A judgment creditor cannot redeem until after the expiration of twelve months—not within that time. It is a statutory privilege, and must be exercised in conformity to the statute. R. S. 1845, 302.

The judgment is reversed.

*Judgment reversed.*