A. H. YOUNG & L. D. COE, Partners &c., Respondents,

*vs.*

P. V. WISE, W. BROWN and J. OLIVE, Appellants.

APPEAL FROM PIERCE CIRCUIT COURT.

An execution fair upon its face is a protection to the officer in making the levy and sale under it, when nothing appears to indicate a want of jurisdiction in the justice who issued it.

This was an action brought by the respondents against the appellants for taking and carrying away certain personal property from the possession of the respondents.

The defendants answered separately. Olive denied all the allegations in the complaint, and for a further answer justified the taking of the property by virtue of an execution, as sheriff of said county, as the goods of said Young, which execution was issued against the goods and chattels of Young, by a justice of the peace of said county. Denied that Coe was a partner, or that he had any interest in the goods levied upon by virtue of said execution.

Wise justified as attorney, one D. Jayne & Son, under an execution executed by H. A. Jay, a justice of the peace of said county, on a judgment rendered by J. M. Whipple, a justice of the peace in the year 1855. Also denying the partnership and the interest of Coe in the goods.

Brown answered substantially as Wise, except that he denied being attorney for Jayne & Son, and alleging that he was out of the State at the time of the levy.

On the trial, plaintiffs proved the taking the goods by Olive the sheriff, and that the other defendants were directing and assisting. The sheriff sold the goods at public auction, and the defendant Brown bid at the sale.

The defendants introduced evidence tending to show that the plaintiff Coe had no interest in the goods, and to disprove the partnership alleged. They further produced in evidence a transcript and papers in an attachment suit commenced before J. M. Whipple, a justice of the peace of said county, in favor of D. Jayne & Son, against one Brockway, in which Young was summoned as garnishee, from which it appeared that Young appeared before the justice, and testified that he gave a promissory note to Brockway some time before, for one hundred dollars; that he did not know whether Brockway then had the note; that he had it the last·time he saw him. Judgment was rendered against Young as garnishee, on which execution issued, which was also produced, as the writ under which the defendants justified, and on which the levy and sale were made.

The evidence being closed, the judge charged the jury, among other things, that the execution was only a protection to the officer acting under it, for the purpose of making the levy, but not to make a sale, and gave the sheriff no title to the property levied upon. That a promissory note cannot be garnisheed, and that a garnishee process cannot be issued against the maker of a promissory note, and that a judgment against him would be absolutely void; to which the defendants excepted.

The jury returned a verdict against all the defendants, whereupon the defendants moved for a new trial, on the ground of the errors of the judge in his charge to the jury upon the points above recited, as well as others unnecessary to be stated here. The motion was overruled, from which order the defendants appealed.

*Knowlton, Brown & Wise* for Appellants.

*Abbott, Pinney & Clark* for Respondents.

*By the Court,* COLE J.    The judgment of the circuit court, in this case, must be reversed upon the sole ground that the execution under which the sheriff Olive justified is fair and regular upon its face, and nothing appears in the process to apprize the officer of any want of jurisdiction on the part of the justice who issued it, and therefore the officer ought to be protected.    *Sprague vs. Birchard,* Wis R.  457, and the cases there cited.

The circuit court instructed the jury that the execution was only a protection to the officer in making the levy, but not in making the sale.    This is clearly erroneous, and was calculated to mislead the jury.

We expressly reserve our opinion upon the  question as to whether the judgment obtained against Young in the garnishee proceeding was of any validity.    For assuming that this judgment was void and would not afford any protection to the party or his attorney who should institute any proceedings under it; still as the justification of the officer was sufficient and there was a joint recovery, there must be a new trial.

The judgment of the circuit court reversed and a new trial ordered.