JOHN D. ALLEN, *et al.*, v. ROBERT CORLEW.

1. OFFICER, PARTY, PROCESS; *Justifying under Regular Process.* Process regular on its face, issued from a court having jurisdiction of the subject-matter, protects an officer in executing it. Such protection may also be claimed by any persons (not parties to the process) summoned by the officer to assist him in executing it.

2. ——— *Plaintiff must show valid Judgment.* The plaintiff in the proceeding is not, however, protected by the regularity of the process; he must show a regular and valid judgment.

3. JUDGMENT; *Docket Entry; Form and Substance.* An entry on the docket of a justice of the peace in these words—"Parties appeared, ready for trial. After hearing the evidence the court declares in favor of the plaintiff, against the defendant. Costs taxed to defendant, $6.85," is not a sufficient recital of a judgment for the restitution of premises.

*Error from Greenwood District Court.*

CORLEW brought his action in the district court against W. Q. Wickersham, *John D. Allen, A. G. Allen,* and *Thomas Barton,* for breaking and entering the close of plaintiff, (forty acres of land, describing it,) tearing down and removing fences and buildings thereon, and forcibly and unlawfully ejecting plaintiff from said premises. The defendants answered, that Wickersham was a justice of the peace, that *A. G. Allen* was a constable, and that the acts and alleged trespasses were done and committed by said *A. G. Allen,* as such constable, in the execution of legal process, issued upon a valid judgment, and said *John D. Allen* and *Thomas Barton,* who were duly summoned by said constable to assist in the execution of such process, etc. The process under which defendants proposed to justify is as follows:

"STATE OF KANSAS, GREENWOOD COUNTY, ss.

"The State of Kansas to any constable of Greenwood county: Whereas, in a certain action for the forcible detention of the following described premises, situate and being in said county of Greenwood, to-wit: The E.½ of the N.E.¼ of section 18, township 28 south, range 13 east, lately tried before me, wherein John D. Allen was plaintiff and Robert Corlew was defendant, judgment was rendered on the 13th day of May 1869 that the plaintiff have restitution of said

premises, also that he recover costs in the sum of $6.95: You therefore are hereby commended to cause the said defendant to be forthwith removed from said premises, and the said plaintiff to have restitution of the same. Also, that you levy of the goods and chattels of said defendant, and make the costs aforesaid, and all accruing costs. And of this writ make legal service and due return. Witness my hand this 13th day of May 1869.

"W. Q. WICKERSHAM, *Justice of the Peace.*"

The case was tried at the November Term 1871. The plaintiff dismissed his action as to Wickersham. The process, or writ of restitution above set forth, and the docket of the justice, and entry of judgment in the case recited in said process, were offered in evidence by the defendants. *Corlew* objected, and the court sustained the objection. The docket entry is given in full, and other facts are stated in the opinion. Verdict and judgment in favor of *Corlew*, and the defendants bring the case here on error.

*Peyton & Gillett*, for plaintiffs in error :

1. The district court erred in refusing to admit in evidence original execution or process. It is regular on its face, and is just such a writ as a justice of the peace had authority to issue. Gen. Stat., 811, Justices' act, § 170. It was a protection to the officer and his assistants acting under him in the execution of said writ, although there were no judgment ever rendered, or attempted to be rendered, by the justice, so the officer did not act corruptly. 2 Greenl. Ev., § 629; 1 Scam., 200, 332; 4 Scam., 411, 554; 1 Gilman, 401, 525; 13 Ill., 22, 602; 20 Ill., 155; 7 Blackf., 270; 6 Ohio, 144; 1 Wis., 457; 3 Wis., 407; 7 Wis., 128; 14 Wis., 88; 3 Allen, 312; 10 Cush., 46. It was not necessary to plead that the said execution was issued on a valid judgment. 4 Mo., 1.

2. The justice's docket sought to be introduced should have been admitted: 7 Texas, 250; 6 Ohio St., 293; 3 Kas., 236; 3 Ohio, 227; 16 Ohio, 408; 24 Pick., 124; 8 Mo., 257.

3. If the docket entry was not itself sufficient evidence of the rendition of the judgment, then the court should have

admitted the parol evidence offered that a proper judgment was in fact given and rendered by the justice. 8 Am. Law Reg., N. S., 380, citing 52 Barb.

The opinion of the court was delivered by

BREWER, J.: Defendant in error brought suit against plaintiffs in error for certain alleged trespasses committed by them. A. G. Allen justified as constable executing a writ of restitution regular on its face. The suit was dismissed as to Wickersham. John D. Allen and Thomas Barton claim to have acted on the call of the constable for assistance in executing the writ. John D. Allen was also the plaintiff in the action before the justice of the peace wherein the writ of restitution was issued. Robert Corlew was the defendant in such action. On the trial in the district court the writ of restitution, with the return of the constable thereon, was offered in evidence, but rejected because based upon no valid judgment. The writ was issued by a justice of the peace having jurisdiction of the subject-matter; it was regular on its face, and commanded the constable to put Corlew out of and John D. Allen into possession of certain premises, and to make the costs out of the goods and chattels of Corlew. A. G. Allen was a constable, and authorized to serve process of this nature issued by such justice. Was he protected in executing such writ, without regard to any irregularities in the judgment, or must he also show a regular and valid judgment? This question can hardly be considered an open one, having been settled by repeated adjudications. In 2 Greenl. on Ev., § 629, it is said: "If the action is by the person against whom the process issued, it is sufficient for the officer who served it to prove the process itself, if it appear to have issued from a court of competent jurisdiction, under its seal, and to be tested by the chief justice, or other magistrate whose attestation it should bear, and be signed by the clerk or other proper officer." See also *Savacool v. Boughton,* 5 Wend., 170, where the question is discussed at length by Marcy, J., and the rule laid down that "a ministerial officer

is protected in the execution of process, whether the same issue from a court of limited or general jurisdiction, although such court have not in fact jurisdiction in the case, provided that on the face of the process it appears that the court has jurisdiction of the subject-matter, and nothing appears in the same to apprise the officer but that the court also has jurisdiction of the person of the party to be affected by the process." See also *Parker v. Walrod,* 16 Wend., 517; *Whipple v. Kent,* 2 Gray, 410; *Donahoe v. Shed,* 8 Metcalf, 326; *Dwinnells v. Boynton,* 3 Allen, 312; *Twitchell v. Shaw,* 10 Cush., 46; *Gott v. Mitchell,* 7 Blackf., 270; *Brother v. Camson,* 1 Scam., 200; *Jackson v. Hobson,* 4 Scam., 411; *Burns v. Barber,* 1 Gilman, 401; *McDonald v. Wilkie,* 13 Ill., 22; *Tefft v. Ashbaugh,* id., 602; *Stafford v. Low,* 20 Ill., 155; *Sprague v. Burchard,* 1 Wis., 457; *Watkins v. Page,* 2 Wis., 92; *Young v. Wise,* 7 Wis., 128; *State v. Giles,* 10 Wis., 101; *Bogert v. Phelps,* 14 Wis., 88. This list of authorities might be extended greatly, but these are enough to show the settled law.

The protection afforded the officer is also extended to those acting under him in the service of the process. It does not however extend to the plaintiff in the judgment, even though he also assists the constable. To protect him, he must show a valid judgment. *Burns v. Barber,* 1 Gilman, 401; *Savacool v. Boughton,* 5 Wend., 180. The docket of the justice which was offered did not show a valid judgment. So much as is material reads as follows:

"Parties appeared, ready for trial. After hearing the evidence the court decides in favor of the plaintiff against the defendant. Costs taxed to defendant, $6.85.

"W. Q. WICKERSHAM, *Justice of the Peace.*"

While disposed to regard tolerantly any mere technical irregularities or defects of form in proceedings of justices of the peace, it would be going too far to hold that this was a sufficient recital of a judgment. Plaintiffs in error sought to remedy this difficulty by parol testimony that a judgment of restitution of the premises was in fact rendered by the justice at

6—10 KAS.

that time.   This testimony was properly ruled out.   The record must stand or fall by itself, and cannot be supported or supplemented by oral evidence.   This disposes of all the questions in the case.   The judgment of the district court as against John D. Allen will be affirmed; and as to A. G. Allen, and Thomas Barton, it will be reversed, and the case as to them sent back for a new trial.

All the Justices concurring.