192  430
202  5  72
104a  ²285

CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RY. CO.

*v.*

ELEAZER MUNSELL.

*Opinion filed October 24, 1901.*

1. EQUITY—*equity has jurisdiction to enjoin destruction of easement.* A court of equity has jurisdiction to enjoin a railroad company from destroying an easement claimed by the complainant in a passageway under a trestle, used by the complainant, to some extent, as a means of communication between the portions of his farm divided by the right of way.

2. SAME—*defense of adequate remedy at law should be raised below.* If an application for injunction is not wholly foreign to equity jurisdiction under the facts alleged in the bill, the defendant should raise the question of an adequate remedy at law by the pleadings in the trial court.

3. RAILROADS—*building of an open bridge does not confer easement of passage under it on owner of farm.* A railroad company which has condemned a right of way through a farm and paid all damages allowed, has a right to build an open bridge over a ravine without thereby conferring on the owner of the farm any right to convert the ravine into a farm crossing or creating in him an easement in the ravine as a passageway.

4. SAME—*use of ravine under trestle must be adverse to create any right thereto by prescription.* To create an easement by prescription in the use of a ravine under a railroad bridge for a passageway, such use must not only be continuous and uninterrupted for a period of twenty years, but it must be adverse to the railroad company and under claim of right.

5. SAME—*right of railroad company to fill ravine used by owner of farm as a passageway.* If a railroad company maintains a grade farm crossing which is used by the owner of the farm, the fact that it consented to the use of a ravine under a trestle as an additional passageway does not deprive it of the right to remove the trestle and fill the ravine, when deemed necessary for the safe operation of the railroad.

WRIT OF ERROR to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding.

In 1869 the Danville, Urbana, Bloomington and Pekin Railway Company condemned a right of way one hundred feet wide through Munsell's farm of three hundred and

sixty-four acres in McLean county and paid to him $150, the amount allowed as compensation. The company built its road the same year on its right of way, dividing the farm so as to leave about one hundred acres, mostly timber and pasture land, on the north side of the railroad, and the rest, containing the residence and other buildings, on the south side. In building the road a trestle bridge of two bents was built by the company over a slough or ravine which crossed the right of way. In 1870 it fenced in its right of way to points opposite the abutments of the bridge, and from those points built wing fences and connected them with the abutments, leaving the space beneath the bridge open for the free passage of water and drift in wet weather. When the bridge was first built the open space beneath the bridge was ten or twelve feet in width, and Munsell's hogs, cattle and horses passed, and he drove them back and forth beneath the bridge, from one field or pasture to another, but there was no agreement between him and the company on the subject. Munsell put up sufficient poles or bars across this passway under the bridge to keep his stock enclosed on one side or the other, to suit his convenience. In 1884 he had litigation with the company, and it is his contention that when conferring respecting it, the company, through its officers or attorneys, agreed to comply with his request to move back one of the wings of its fence so as to allow him to fill in and make a wagon-crossing through one of the openings under the bridge, and that the company did soon thereafter move back the cross-fence, and that he then filled in and made the crossing for his own use, and thereafter used it in hauling wood and other material on the farm from one side of the railroad to the other. Munsell continued to use the passway under the bridge in the ways mentioned, and when not prevented by mud or water, until about 1897, when the company built a new bridge and put in timber props in the opening which he had used as a wagon way, and

was preparing to put in a large iron pipe through which to carry off the water, and to fill in and make a permanent and solid embankment of earth in place of the wooden bridge and trestle, and thus to destroy his passway under the bridge altogether. When the railroad was first built a grade farm crossing was made by the company for Munsell's use about fifteen rods west of the bridge, and afterward, at his request and for his convenience, it was moved nearer to the bridge. This crossing was planked, and it has been maintained and kept in repair by the company and used by defendant in error ever since.

The court below approved the master's report and entered a decree perpetually enjoining plaintiff in error from closing or obstructing the passway or crossing under the bridge, and this writ of error was sued out to reverse the decree.

A. E. DeMange, (John T. Dye, of counsel,) for plaintiff in error:

An injunction should never be granted except in a clear case of irreparable injury and with a full conviction on the part of the court of its urgent necessity. 1 High on Injunctions, (3d ed.) sec. 22.

It should not issue if the alleged injury may be compensated in damages. *Railroad Co.* v. *Ottawa,* 148 Ill. 402.

If the right is disputed between two persons for themselves alone, a bill for injunction will not lie unless complainant's rights have been established at law. *Railroad Co.* v. *Ottawa,* 148 Ill. 402; *Newell* v. *Sass,* 142 id. 104.

A parol grant purporting to create an easement is void under the Statute of Frauds. 10 Am. & Eng. Ency. of Law, (2d ed.) 412.

Easements lie only in grant or by prescription. 10 Am. & Eng. Ency. of Law, (2d ed.) 409.

An easement can only be acquired by prescription, by twenty years' user by the owner of the dominant tene-

ment, which user must be open, peaceable, continuous and under claim of adverse right.  10 Am. & Eng. Ency. of Law, (2d ed.) 447; *Railroad Co.* v. *Bloomington*, 167 Ill. 9.

Even if the land owner has acquired an easement through a sub-way by user for twenty years, openly, continuously, adversely and under claim of right, he is not entitled to enjoin the railway company from filling the sub-way, but may recover damages for the destruction of the easement.  Elliott on Railroads, secs. 1147, 1148; *Railway Co.* v. *McGee*, 47 Ill. App. 348.

Where a passway has been used by mere license or sufferance, although for a sufficient length of time to give an easement if the user had been open, continuous, adverse and under claim of right, such user will not entitle the land owner to an injunction to prevent the filling up of the passway.  Elliott on Railroads, sec. 1147; *Davis* v. *Railroad Co.* 140 Ind. 468.

Rowell, Neville & Lindley, for defendant in error:

Where a party has a right of way over an easement in certain real estate, and the same is obstructed, equity has jurisdiction, as the injured party has no adequate remedy at law.  And where the injury complained of is one of continuing or permanent nature, an action at law does not afford a complete and adequate remedy.  *Carpenter* v. *Electric Light Co.* 178 Ill. 29; *Newell* v. *Sass*, 142 id. 104; *McCann* v. *Day*, 57 id. 101; *Clayton* v. *Shoemaker*, 67 Md. 216; *Sterling's Appeal*, 111 Pa. St. 35; *Railway Co.* v. *Porter*, 72 Iowa, 462.

Equity will enjoin the owner of land from constructing a farm crossing at a dangerous place.  *Chalcraft* v. *Railway Co.* 113 Ill. 89.

Mr. Justice Carter delivered the opinion of the court:

The first point made by the plaintiff in error is, that a court of equity has no jurisdiction to enjoin the destruction of the easement claimed by the defendant in

error in the alleged underground crossing, but that the defendant in error has an adequate remedy at law. We have decided that equity has jurisdiction in such cases. (*McCann* v. *Day*, 57 Ill. 101; *Field* v. *Barling*, 149 id. 556; *Smith* v. *Young*, 160 id. 163; *Carpenter* v. *Capital Electric Co.* 178 id. 29.) But even if it were open to question whether the rule announced in the cases cited is applicable to the case at bar, the plaintiff in error should have raised the question by its pleadings below, and not here for the first time. It was not alleged in the answer that there was an adequate remedy at law, and the case is not one which is wholly foreign to equity jurisdiction. (*Smith* v. *Young, supra.*)

The circuit court based its decree making the injunction perpetual, upon two findings: First, that the complainant had been in the open, visible and notorious possession and occupancy of said underground crossing, as a passageway for his stock, for more than twenty years; and second, that by agreement with the company owning the railroad, the complainant had in 1884 constructed a farm crossing for wagons under said railroad, and has since then been in the open, visible and notorious possession of said crossing, using the same with wagons and teams, and that therefore the complainant has an easement across the right of way, under the company's railroad, for a farm crossing. We are unable to agree with the circuit court in its conclusions on these questions. In the first place, it is clear from the evidence that the opening under the railroad was not made or left for the use of defendant in error as a crossing or a passway for his stock, nor for any other uses of his own. The right of way had been condemned, and the company had paid all damages which had been allowed for constructing the road through his farm. It had taken possession of such right of way and built and operated its road over it. It had the right to construct the open bridge over the slough or ravine in question and leave

the open spaces, beneath for the free flowage of water without conferring any right on the defendant in error to convert the ravine into a farm crossing or creating in him an easement in the right of way for a passway of any kind.  There is no evidence in the record of any adverse holding or use of the opening by defendant in error, or that he claimed to have any right to or possession or use of the way under the bridge adversely to the railroad company.  His use of the opening as a passway for his stock was permissive, only, and amounted to nothing more than a license, revocable at the pleasure of the railroad company.  It was necessary to leave an opening there to carry off the water.  Indeed, the building of such a bridge necessarily left an opening beneath, and the evidence shows that the fences were turned in to the abutments in order to prevent the lodgment and accumulation of drift in times of flooding rains.  To create in him an easement by prescription, there must have been not only a continuous and uninterrupted enjoyment and use of the passway for a period of twenty years, with the acquiescence of the owner, but it must have been adverse to the owner and under claim of right.  (*Chicago and Northwestern Railway Co.* v. *Hoag*, 90 Ill. 339; Washburn on Easements, 131; 19 Am. & Eng. Ency. of Law, 9-11.)  The evidence rebuts any presumption that might arise that the use by defendant in error of the opening as a passway was under any claim of right or adverse to the company.  He proved on his own behalf that before the period of twenty years had run the company obstructed the opening with props put under the bridge, and that he asked permission of the company to fill in and level the ground in one of the openings so as to enable him to use the same as a way for wagons and teams, and that the company consented and moved its fence as he had requested, and that he improved the passage and thereafter used it as an underground crossing.  This passage under the road was used by Munsell as a mere matter of

convenience to him, and was so permitted by the plaintiff in error and its predecessors. The evidence falls far short of giving rise to a presumption of a grant.

But counsel for defendant in error base their argument in support of the decree on the alleged agreement of the company and Munsell made in 1884, and upon the acts of the parties under it, whereby it is claimed a farm crossing, under the statute, was established for Munsell's benefit, and an easement in such crossing created which plaintiff in error cannot destroy. His testimony was to the effect that he asked the company, through its local attorney, to move in its cross-fence so that he might make an underground crossing for wagons, and that afterward the attorney gave him a letter, which he had lost, from some officer of the company, (the general manager, as he believed,) to the effect that the section boss should move the fence in and give him (Munsell) room enough to make an underground wagon-crossing; that the section boss did move the fence, and that he (Munsell) filled in with dirt and made a good crossing; that since then he has used this crossing through which to haul wood and other things not too bulky, like a load of hay, from one side of the railroad to the other. Defendant in error has continued to use the grade farm crossing near by, kept up and maintained by plaintiff in error. It appears from the evidence that plaintiff in error regarded the wooden railroad bridge as unsafe for use, because it was so situated that it could not be seen by trainmen in sufficient time to stop the train before reaching it in case it should be on fire, and that it was necessary to remove it and substitute a solid embankment in its place. It is not contended that the railroad company failed in its duty to construct and maintain a farm crossing, with gates on each side, for Munsell's use, but only that by agreement another (an underground) crossing was established and made which the company cannot close, whatever the exigencies may be in the operation of its road with safety.

We cannot conclude, from the evidence in the record, that there was any contract between the parties, or that either of them understood that there was, that a farm crossing should be or was established under the bridge or road in question which the statute would convert into an easement in favor of the defendant in error. A farm crossing, as required by the statute, had been constructed and has since been maintained and used, and the evidence establishes nothing more than a license from the company to Munsell to use the passage under the bridge at the pleasure of the company.

The decree will be reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*