## William Whalen v. Augusta S. Billings et al.

1. EQUITY JURISDICTION—*Court May Establish Legal Rights and Grant Legal Remedies.*—A court of chancery having obtained jurisdiction by reason of matters of general equity jurisdiction, may retain the case for final determination of all matters at issue arising therefrom, and in its discretion may proceed to establish purely legal rights and grant legal remedies.

2. EQUITY PRACTICE—*Where Defendant Submits to Jurisdiction of Court.*—A defendant in a chancery suit, who submits to the jurisdiction of the court when the bill shows any ground of equitable jurisdiction, can not for the first time in a court of review, contend that there was an adequate remedy at law.

3. SAME—*Remedy to Enforce Decree for Money.*—The same remedies to enforce the collection of a chancery decree for money may be resorted to as in the case of a judgment at law.

4. SAME—*Personal Decrees in Chancery.*—A personal decree in chancery has been declared the same in effect and placed upon the same basis as a judgment at law.

5. SAME—*Writ of Capias ad Satisfaciendum for Enforcement of a Money Decree.*—A writ of capias ad satisfaciendum for the enforcement of a money decree is clearly authorized by Hurd, Ch. 22, Secs. 42 and 47.

6. STATUTES—*Giving Court of Equity Authority to Issue Writs Appropriate for the Enforcement of Money Decree.*—Where a statute gives the authority to issue writs appropriate for the enforcement of a money decree, satisfaction of such a decree may be sought by capias ad satisfaciendum, in any case where such writ would be proper, had the recovery been in law instead of equity.

7. SAME—*Hurd, Ch. 22, Sec. 42. Construed.*—Sec. 42, Ch. 22, Hurd's statutes, by the words "by attachment against the person, by fine or imprisonment, or both," gives a chancery court power to enforce its decrees by the writ of capias ad satisfaciendum. Such a writ provides for the attachment of the person and imprisonment, and is within the meaning of the statute.

8. SAME—*Hurd, Ch. 22, Sec. 47, Construed.*—By the use in Sec. 47, Ch. 22, Hurd's statutes, of the words, "the same may be carried into effect by execution or other final process, according to the nature of the case, a chancery court is given the power to issue a capias ad satisfaciendum under a decree like the one here in question.

9. PRACTICE—*A Court of Law Exercises an Equitable Jurisdiction in an Application to Set Aside a Judgment by Confession.*—In an application to set aside a judgment by confession a court of law exercises an equitable jurisdiction, and if the debtor fails to show that he had a defense to the whole or some part of the judgment, relief will be denied.

**Motion to Set Aside a Judgment by Confession.**—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed November 28, 1902.

**Statement.**—Defendants in error, trustees of the estate of Albert M. Billings, deceased, on June 4, 1901, caused to be entered a judgment by confession for the sum of $24,800 against William Whalen, plaintiff in error, on six several judgment notes of said Whalen, dated January 21, 1889, differing in amounts and dates of maturity, all bearing interest at six per cent per annum, and aggregating, with interest, the full amount of the judgment. The proceedings appear regular, in due form, and in accordance with the terms and conditions of the notes and warrants of attorney thereto attached.

On the same day Whalen moved to set aside the judgment, and with his motion, tendered the plea of the general issue and two special pleas, the first being duress, and alleging in substance that on January 19, 1889, the said A. M. Billings and the sheriff of Cook county, for the purpose of unlawfully and forcibly intimidating and coercing him against his will to sign and deliver each of said notes, unlawfully and forcibly took and confined him in the county jail in the city of Chicago, deprived him of his liberty and threatened to continue such confinement and imprisonment unless he would sign and deliver said notes, and did continue said unlawful and forcible imprisonment until he signed and delivered to said Billings each of said notes. The second of said pleas is want of consideration for the notes. To said pleas was attached the usual affidavit of a meritorious defense.

In support of the motion Whalen filed his own affidavit, that of his attorney, J. D. Springer, and an original decree entered in the Circuit Court of Cook County, Illinois, in the case of Albert M. Billings v. Wm. Whalen et al., Wm. Whalen v. Albert M. Billings et al., Geo. W. Fuller v. Wm. Whalen, and Home Nat'l Bk. of Chicago v. Wm. Whalen, case No. 46,174, being an original bill and three cross-bills.

As opposed to the motion the plaintiffs, defendants in

error, offered in evidence an original writ of *capias ad satisfaciendum*, dated June 26, 1896, issued in said cause, commanding the arrest of Whalen, together with the return of the sheriff thereon "no part satisfied;" also an original alias writ of *capias ad satisfaciendum* in the same case, commanding the arrest of Whalen, dated January 19, 1889, together with the return of the sheriff thereon, showing the arrest of William Whalen thereunder, and committing him to the common jail of Cook county on January 19, 1889, and an order to the sheriff for his discharge from custody dated January 22, 1889, purporting to be signed by A. M. Billings by C. D. F. Smith, his attorney; also a concurrence in said order for discharge, purporting to be signed by said Billings, and a further return of the sheriff, showing Whalen's release from custody; the satisfaction of the writ as per the order of said Billings and his attorney; also the affidavit of one Blackinton, to which were attached two exhibits, the first showing a receipt to said Whalen for certain cash and notes in full payment and satisfaction of said decree herein above referred to, and the second exhibit showing a satisfaction in full upon the judgment docket of the Circuit Court of said decree.

After consideration of the said evidence above mentioned, the court overruled Whalen's motion, and he has prosecuted this writ of error.

J. D. SPRINGER, attorney for plaintiff in error.

SEARS, MEAGHER & WHITNEY, attorneys for defendants in error.

MR. JUSTICE WINDES delivered the opinion of the court.

Plaintiff in error argues at length that the Circuit Court had no jurisdiction to render the chancery decree against him, but he has assigned no error in that regard as a basis for his contention, and can not, therefore, under repeated decisions, be heard upon that point.

However, if it can be said that the assignment of errors is sufficient to raise the question, still we are of opinion

that there is sufficient in the decree to show that the chancery court had before it matters of equitable cognizance. None of the pleadings in the chancery case were offered in evidence, but it appears from the decree that the cause came on to be heard before the Circuit Court upon the original bill of said Billings as amended, the respective answers of said Whalen and other defendants, replications to such answers, and the respective cross-bills of said Whalen, Fuller, and the Home National Bank, the respective answers of Whalen et. al. to said cross-bills, replications to the same respectively, and depositions, oral testimony and documentary evidence, and thereupon the court proceeded to find numerous matters of fact, unnecessary here to be detailed, from which it clearly appears that Whalen was guilty of making numerous false and fraudulent representations of fact, by means of which he procured from Billings and other parties to the cause the execution of different documents, the transfer of stock in certain mining corporations, the payment of large sums of money by Billings to Whalen, and the receipt of certain deeds by Whalen, conveying to said Billings certain mining properties, and a re-conveyance by Billings of the same properties to Whalen; also that Whalen commenced and caused to be commenced by others certain fraudulent suits against said Billings, which were wholly without basis, and the court thereupon decreed, among other things, that the said conveyances from Whalen to Billings were in the nature of mortgages only, to secure money advanced by Billings to Whalen; that there was then, on May 12, 1885, due from Whalen to said Billings the sum of $14,202, which Whalen was ordered to pay to Billings forthwith, with interest from the date of the decree at six per cent per annum, and that " in default of such payment as aforesaid, said Billings, at his election, have execution of *fieri facias* or of *capias ad satisfaciendum* therefor;" also that Whalen should be enjoined and restrained from prosecuting said fraudulent suits.

It is thus apparent that the chancery court had before it for consideration not only numerous matters of fraud, by

Whalen v. Billings.

reason of which relief by way of injunction was sought, but the determination of whether certain conveyances, absolute in form, were in fact such, or whether they were mortgages. These were matters of general equity jurisdiction, and under the general and well-recognized rule, the court of chancery having obtained jurisdiction by reason of the matters indicated, it would retain the case for final determination of all matters at issue arising therefrom, and in its discretion may proceed to establish purely legal rights and grant legal remedies. 1 Story's Eq. Juris. (12th Ed.), Sec. 64 K; Bispham's Prin. of Eq. (5th Ed.), 58; Kelly v. Galbraith, 186 Ill. 593–608, and cases cited.

Moreover, even if it could be said, as is contended, that the decree shows that there was an adequate remedy at law, still there can be no question from the findings of the decree, but that the matters under consideration were not wholly foreign to the jurisdiction of a court of chancery; and it appearing, as is shown by the statement and the decree, that Whalen answered the bill, and by his cross-bill invoked the equitable powers of the court, in the absence of any pleadings showing that he made objection to the jurisdiction of that court, it is now too late to raise the question in this court. A defendant in a chancery suit, who submits to the jurisdiction of the court when the bill shows any ground of equitable jurisdiction, can not, for the first time in a court of review, contend that there was an adequate remedy at law. Kelly case, *supra;* Yeager v. Manning, 183 Ill. 275 -7; Ry. Co. v. Munsell, 192 Ill. 430–4, and cases cited.

Plaintiff in error further claims that even if the chancery court had jurisdiction, still it was without power to award the writ of *capias ad satisfaciendum*, but we are of opinion the contention is not sound. A personal decree in chancery has been declared the same in effect and placed upon the same basis as a judgment at law. Dinet v. Eigenmann, 80 Ill. 274–8; Winslow v. Leland, 128 Ill. 304–38, and cases cited.

Such a writ for the enforcement of a money decree is,

in our opinion, clearly authorized by the statute of this state. (Hurd, Ch. 22, Secs. 42 and 47.) They are as follows:

"Sec. 42. When any bill is taken for confessed, or upon hearing, the court may make such decree thereon as may be just, and may enforce such decree either by sequestration of real and personal estate, by attachment against the person, by fine or imprisonment, or both, by causing possession of real and personal estate to be delivered to the party entitled thereto, or by ordering the demand of the complainant to be paid out of the effects or estate sequestered, or which are included in such decree, and by the exercise of such other powers as pertain to courts of chancery, and which may be necessary for the attainment of justice."

"Sec. 47. When there shall be no direction that a master in chancery or commissioner execute a decree, the same may be carried into effect by execution, or other final process, according to the nature of the case, directed to the sheriff or other officer of the proper county, which, when issued, shall be executed and returned by the sheriff or other officer to whom it may be directed, and shall have the same operation and force as similar writs issued upon a judgment at law. The sheriff, or other officer to whom the same is directed, shall be subject to the like penalties and recoveries for misconduct or neglect in the execution or return thereof, as in cases at law, or the court may, if necessary, direct an attachment to be issued against the party disobeying such decree, and fine or imprison him, or both, in the discretion of the court, and may also direct a sequestration for disobedience of any decree."

In Freeman on Executions (2d Ed., Sec. 8a, p. 15,) the author says, in effect, that where a decree is for the payment of money, and a statute gives the authority to issue writs appropriate for its enforcement, satisfaction of such a decree may be sought by "*capias ad satisfaciendum*, in any case where such writ would be proper, had the recovery been in law instead of equity."

We are of opinion that section 42, above quoted, by the words "by attachment against the person, by fine or imprisonment, or both," gives a chancery court power to enforce its decrees by the writ of *capias ad satisfaciendum*. Such a writ provides for the attachment of the person and imprisonment, and is within the meaning of the statute.

By the use, in section 47, above quoted, of the words, viz., "the same may be carried into effect by execution or other final process, according to the nature of the case," we think a chancery court is given the power to issue a *capias ad satisfaciendum* under a decree like the one here in question. The findings of the decree, in our opinion, clearly establish fraud, or in other words, a tort, on the part of plaintiff in error, and they must be taken as true for the purposes of this decision. Such being the case, the writ here in question under our statute (Ch. 77, Sec. 5, Hurd,) with reference to an execution against the body of a defendant, was an appropriate writ, and is a "final process according to the nature of the case."

See also, Weightman v. Hatch, 17 Ill. 281-6, in which it is held that the same remedies to enforce the collection of a chancery decree for money may be resorted to as in the case of a judgment at law.   Also Keith v. Henkleman, 173 Ill. 137–41, and the Kelly case, *supra*. The case of Armsby v. People, 20 Ill. 155, relied on by plaintiff in error in this connection, does not sustain him.

It follows from the foregoing that the imprisonment of plaintiff in error set up in his affidavit was legal, and can not be the basis for a plea of duress.

There is no statement of any facts to show that there was a lack of consideration for the notes in question, but on the contrary the proof shows that there was full consideration therefor in the amount found due by the decree from Whalen to Billings, together with interest which had accrued thereon.

There is, however, ample reason for sustaining the action of the learned circuit judge in the fact that no meritorious defense to the plaintiff's claim is shown.   In an application to set aside a judgment by confession, a court of law exercises an equitable jurisdiction, and if the debtor fails to show that he had a defense to the whole or some part of the judgment, relief will be denied.   Blake v. State Bank, 178 Ill. 182–4; Colson v. Leitch, 110 Ill. 504–8; Hier v. Kaufman, 134 Ill. 215–26; Berg v. Com'l Nat. Bk., 84 Ill.

App. 614–18, and cases cited; Rogan v. Eads, 101 Ill. App. 509, and cases cited; Gilmore v. German Savings Bank, 89 Ill. App. 442.

The judgment is affirmed.