**American Hide & Leather Company, Defendant in Error v. C. C. Andersen et al., Plaintiffs in Error.**

## Gen. No. 14,826.

1. CHANCERY—*when adequacy of legal remedy cannot be urged.* If a defendant though served has suffered himself to be defaulted for want of answer he cannot in the Appellate Court urge the point that the legal remedy was adequate if the case was one not wholly foreign to equity jurisdiction.

2. DAMAGES—*when chancery has jurisdiction to award.* Though a court of chancery would have no jurisdiction to decree only payment of damages for past trespasses, yet if it obtain jurisdiction in order to enjoin the repetition of the trespasses, it may determine the damages for past wrongs and decree their payment instead of relegating the parties to a court of law for this relief.

Bill for injunction. Error to the Superior Court of Cook county; the Hon. ALBERT C. BARNES, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed February 15, 1910.

WEST, ECKHART & TAYLOR, for plaintiff in error, C. C. Andersen.

WILLIAM M. LAWTON, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

The bill of complaint filed herein alleged that complainant was lessee of property under a lease expiring December 31, 1910; that buildings on the premises were destroyed by fire in 1907 and the ruins sold to

be removed by January, 1908; that in March, 1908, defendants began depositing rubbish in large quantities on the premises; that they had filled in the lot to a distance of three feet above the level of the surrounding property and covering nearly 65,000 square feet of surface, and that they threatened to continue using the lot as a dumping ground; that defendant Wallace was insolvent and that defendant Andersen had stated to complainant's agent that he would continue so to use the premises despite any action at law that might be brought against him; that if complainant attempted to use force to prevent the trespasses the result would be violence, riot and possible bloodshed; that it had been greatly damaged and that great and irreparable injury would result to it unless defendants were enjoined. The prayer was for an injunction and compensation for damage committed. Both defendants defaulted after personal service, and a decree was rendered finding the facts as alleged in the bill and that complainant had been damaged $1,000 by defendant Andersen's trespasses, granting an injunction and decreeing that defendant Andersen pay to complainant $1,000 as its just damages.

Andersen sued out a writ of error to reverse the decree. He contends, first, that remedy at law is adequate, and second, that the allegations of the bill are insufficient to sustain the decree.

Inasmuch as defendant, though served, suffered himself to be defaulted for want of answer, and as the case clearly is one not wholly foreign to equity jurisdiction, the defendant cannot in this court urge the point that the legal remedy was adequate. C. C. C. & St. L. Ry. Co. v. Munsell, 192 Ill. 430, at 433; Whalen v. Billings, 104 Ill. App. 281, at 285.

The findings in the decree based on the allegations of the bill and sustained by testimony heard in open court fully justified the relief given. The court found that the trespasses committed had caused complain-

ant $1,000 damages, and that a continuance thereof would result in irreparable damage.

Though a court of equity would have no jurisdiction to decree only payment of damages for past trespasses, yet if it obtain jurisdiction in order to enjoin the repetition of the trespasses, it may determine the damages for past wrongs and decree their payment instead of relegating the parties to a court of law for this relief. Keith v. Henkleman, 173 Ill. 137.

The finding that "the lot was covered to a depth of about four feet over its entire surface" is not inconsistent with the allegations of the bill as above recited. In any event, the damages awarded were not excessive whether the lot was raised three feet or covered to a depth of about four feet.

*Affirmed.*