No. 20,185.

I. KASPAREK, *Appellant,* v. VERN E. THROOP, *Appellee.*

SYLLABUS BY THE COURT.

1. SHERIFF — *Tax Warrant* — *Execution* — *Bona Fides* — *No Liability.* When, under the provisions of sections 9236 to 9240 of the General Statutes of 1909, a tax warrant regular upon its face is issued by the county treasurer and delivered to the sheriff for execution, the latter if acting in good faith is not liable for damages in executing such warrant, whether or not the taxes were properly and legally levied.

2. PROCESS—*Tax Warrant—Issuance—Execution—Questions Undecided.* Whether, under section 9238 of the General Statutes of 1909, a proceeding in court must precede the issuance of a tax warrant, and whether the execution applies to one who, having removed a portion of his stock of merchandise from the state, has left sufficient to pay the tax, not decided.

Appeal from Washington district court; JOHN C. HOGIN judge. Opinion filed July 8, 1916. Affirmed.

*Charles W. Clarke,* and *Edgar Bennett,* both of Washington, for the appellant.

*S. H. Hamilton,* county attorney, and *A. J. Freeborn,* of Washington, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued the defendant, the sheriff of Washington county, for damages for the conversion of certain goods, wares and merchandise. The jury found for the defendant, and the plaintiff appeals.

The plaintiff owned a general stock of merchandise at Washington. He shipped the dry goods to Nebraska, but before they left Washington the sheriff levied upon them under a tax warrant. Finding, however, that the remaining stock had not been removed, he released the levy upon the dry goods and levied upon the grocery stock at the store. It is claimed that the plaintiff stated that he was about to move his goods out and that the assessor had better get them assessed before he collected the tax thereon; that the assessment was made and returned to the county clerk, who certified it to the treasurer, who in turn, under section 9240 of the General Statutes of 1909, levied a tax and issued a tax warrant to the sheriff, who demanded payment of the plaintiff, which was refused, and then executed the warrant.

Complaints concerning the admission of evidence are found to be without substantial merit.

Much contention is made as to whether or not the requirements of section 9238 were complied with, which section provides that when one is about to remove his property from the county after it has been assessed and before the taxes thereon have been paid, without leaving sufficient remaining for their payment, the tax shall at once become due and payable, which fact shall be determined by any court of competent jurisdiction, and which further provides that the county treasurer shall forthwith issue a tax warrant. It is argued that the plaintiff did not fail to leave sufficient goods to pay the taxes, which fact is apparent from the overplus returned to the sheriff after the sale. Some discussion of the applicability of section 9236 also appears, and it is claimed that the trial court erred in charging the jury without any reference to the retention of sufficient property for the payment of the taxes. This matter was not mentioned in the instructions, but aside from this they were very favorable to the plaintiff.

It is not deemed necessary, however, to determine these questions, for the reason that the defendant pleaded and proved that he acted under a tax warrant, fair on it face, and under the authorities this relieves him from liability for the damages to the plaintiff, there being no showing of malice or wantonness in the execution of the process.

Section 2196 of the General Statutes of 1909 requires a sheriff to "serve and execute according to law all process, writs, precepts and orders issued or made by lawful authority and to him directed." In *Allen and Barton v. Corlew,* 10 Kan. 70, it was held that a process, regular on its face, issued from a court for the jurisdiction of the subject matter, protects an officer in executing it. In *The State v. Hinchman,* 74 Kan. 419, 37 Pac. 186, in discussing the action of officers in serving a warrant, it was said:

"If the process were technically legal, but the constables were not acting in good faith under it—were actually abusing it—they were trespassers. If they were acting in good faith their attitude was made the same as if the process were legal, even though invalid." (p. 422.)

It was held in *McClenny v. Inverarity,* 80 Kan. 569, 103 Pac. 82, that an officer is protected by valid process when he uses it for a legitimate purpose in executing its mandate. Numerous authorities were there cited. (See 2 M. A. L. 65, 66.)

"By the weight of authority a collector of taxes who acts under the authority of a warrant or other process which is duly issued and regular and sufficient on its face is protected thereby against everything except his own fault or illegal conduct; and neither an illegality in the tax itself nor defects in the levy or assessment nor a want of jurisdiction over the particular person or property will expose him to liability as a trespasser." (37 Cyc. 1211.)

(See, also, *Sprague v. Birchard,* 1 Wis. 397, 60 Am. Dec. 393; 1 Cooley on Taxation, 3d ed., p. 797 *et seq.*)

The judgment is affirmed.